FILED

2003 OCT 17 A 10: 16

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON | : | CASE NO. 3:02CV1137 JCH |
| Plaintiff | : | |
| v. | : | |
| THE FOOD GROUP LLC/POND HOUSE CAFE | : | |
| Defendant | : | October 15, 2003 |

MEMORANDUM IN OPPOSITION TO THE MOTION TO COMPEL

The defendant, The Food Group LLC d/b/a Pond House Café hereby provides its response in opposition to Motion To Compel Discovery found by the pro se plaintiff Ronald Patterson.

I.  **FACTS OF CASE AND PROCEDURAL BACKGROUND**

For purposes of this motion, the Defendant is relying on the facts as alleged by Mr. Patterson in his Complaint. The Plaintiff filed his claim against the Pond House Café on or about July 3, 2002, seeking monetary damages and reinstatement of his position as a waiter at the Pond House. The Plaintiff was terminated from his position as waiter and

brought this action alleging that the Pond House discriminated against him on the basis of race and age in violation of Title VII and the ADEA. Specifically, the Plaintiff claims he was discharged from employment and replaced by a younger person, although he possessed all of the qualifications the job required. See Complaint at ¶ 9A. He further alleges that he was terminated from the Pond House for having his wages garnished in violation of The Consumer Credit Protection Act ("CCPA") of 15 U.S.C. § 1674. See Complaint at ¶ 9B. This claim has been dismissed by the Court. Finally, in Paragraph 12 of the Complaint, the Plaintiff claims that the Pond House violated its employee manual and an implied covenant of good faith and fair by terminating him for discriminatory reasons. See Complaint at ¶ 12.

## II.  ARGUMENT

Ronald Patterson filed document requests on or about July 30, 2003. Pursuant to the Scheduling Order, discovery was to be completed by August 15, 2003. Therefore, plaintiff's discovery requests were untimely. Nevertheless, although raising an objection to the untimely nature of these discovery requests, the defendant in good faith filed responses and objections on September 2, 2003. Contrary to Mr. Patterson's assertion, the defendant offered to produce a number of documents in response to the discovery requests. In addition,

in many cases, the defendant indicated that there were no responsive documents, thereby eliminating the need for further discussion on those questions. The parties conferred on September 23 and 24, 2003 in an attempt to resolve any discovery dispute without intervention of the Court, but were unable to do so. In the course of these discussions, the defendant's counsel Linda L. Yoder made clear that she was willing to discuss each individual request with Mr. Patterson in an attempt to identify a category or categories of documents that he thought were responsive and not being provided. Through this process, defense counsel was able to identify two responses that she felt it was appropriate for the defendant to answer. This information is contained in a supplemental discovery response filed simultaneously with this objection. Despite a lengthy conversation with Mr. Patterson, the defendant's counsel was not able to identify any other specific documents.

Mr. Patterson raises several claims in his Motion To Compel. First, the parties do not disagree that he is entitled to discovery that might not be admissible at trial. This does not mean, however, that Mr. Patterson is entitled to a wholesale review of the employment records of other employees or of the defendant's financial records with the hope that something useful might turn up.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Mr. Patterson has simply copied discovery requests from a variety of cases. These requests are not tailored to his specific claims in this case and therefore are overbroad and unduly burdensome. It is unreasonable to ask a small employer like The Pond House to spend substantial time and money responding to such claims. Even providing Mr. Patterson with leeway as a pro se litigant, he should not be entitled to harass an employer by requesting costly discovery that is not likely to lead to the discovery of admissible evidence.

Mr. Patterson is correct that the undersigned attorney informed him at his deposition that she felt it was appropriate to inquire about other lawsuits he had filed alleging employment discrimination. Mr. Patterson acknowledged that he has filed two additional lawsuits against former employers. Counsel's narrowly focused inquiry about Mr. Patterson's reaction to claims of other employers to terminate his employment contrasts sharply with the broad generalized requests in his discovery for all payroll records for a two-year period as requested by Mr. Patterson. Mr. Patterson is not making a payroll claim. He is claiming that he was terminated less than three months after he was hired because of his race and age, even though both of these factors would have been apparent to the decision-maker who made both the hiring and the termination decision. Allowing Mr. Patterson to pore through an extensive list of documents such as all such documents showing wages of

4

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

other employees', documents providing information about finances and financial structure of the employer, and information about hiring and promotion practices when his claim involves neither, is simply unreasonable and unfair.

Mr. Patterson also complains that the defendant, in making objections, invokes both the attorney client and work product privilege. Counsel raised these objections because Mr. Patterson's requests were written in such a broad fashion that it is possible for them to be interpreted to include counsel's notes regarding the investigation of plaintiff's claims. Such information plainly is not discoverable and it is unreasonable for plaintiff to request a privilege log cataloging each such document.

Informing Mr. Patterson that the only documents being withheld on this ground are documents providing advice about the case or prepared in order to defend this case should be sufficient. Finally, Mr. Patterson requests a sanction for defendant's failure to provide the requested discovery. In the circumstances of this case, any sanction is inappropriate. Despite the fact that the discovery requests were not timely filed, the defendant filed objections and responses. Mr. Patterson has made no effort to come in and inspect the documents that have been offered to him. Nor has he been able to identify how the requested supplemental documents might reasonably lead to discovery of admissible evidence. Instead, he chooses to

5

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

rely on blanket assertions that he is "entitled" to review virtually all of the operating records of the Pond House to see if anything turns up. This is not an appropriate use of the discovery process.

## CONCLUSION

For the foregoing reasons the Plaintiff's Motion To Compel should be denied.

Respectfully submitted,

DEFENDANT
FOOD GROUP LLC d/b/a
POND HOUSE CAFE

By: _____
Linda L. Yoder (ct01599)
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Telephone (860) 251-5717
Facsimile (860) 251-5500
E-mail: lyoder@goodwin.com

354679 v.01

## CERTIFICATION OF SERVICE

This is to certify that on this 15th day of October, 2003, a copy of the foregoing Memorandum In Opposition To The Motion To Compel was sent via first-class mail, postage prepaid, to:

Ronald Patterson
133 Huntington Street #1
Hartford, CT 06105

_____
Linda L. Yoder

354679 v.01 S1