UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

| | | |
|---|---|---|
| RONALD PATTERSON | : | CIVIL ACTION NO. 3:02CV1137(JCH) |
| Plaintiff, | : | |
| v. | : | 2003 NOV -3 P 12: 50 |
| THE FOOD GROUP LLC/POND HOUSE CAFÉ | : | US DISTRICT COURT BRIDGEPORT CT |
| Defendants. | : | October 31, 2003 |

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE MOTION TO COMPEL.

Plaintiff, RONALD PATTERSON, replies to the Defendant, THE FOOD GROUP LLC/POND HOUSE CAFÉ'S opposition to the Plaintiff's motion to compel Production of Documents pursuant to 34 (b), 37(a) Fed R. Civ. P. and other provisions of law and procedure, including this Court's Local Rule 37.

### ARGUMENT IN REPLY

The documents sought are properly within the scope of discovery. The plaintiff's discovery request are not untimely. This court granted an extension to on or about Nov. 5, 2003 to complete discovery in which extends the Scheduling Order. Defense counsel was fully aware of the extension because their objection to the untimely nature of the discovery requests were moot.

The Defendants are consistently stonewalling, limiting the documents to produce in order of the plaintiff be unprepared for trial and unequal access to the discovery process. The only documents in response to the discovery request the defendants offered to produce is documents or information that the plaintiff already have. Exhibit (A) There should be responsive documents for the requests made, because the information should

1

be readily available Fed. R. Civ. P. 26 (a) (1). Ms. Yoder's abusive discovery strategy is attempting to conceal public records or discoverable documentation that is likely to lead to admissible evidence. In addition, Ms. Yoder still have not clarify in the opposition to compel what applicable Connecticut law on privacy and how the Connecticut Personnel files Act would restrict the plaintiff from obtaining documents requested. In the course of the discussions on September 23 and 24, 2003. Ms. Yoder was not willing to discuss any individual request with the Plaintiff in an attempt to identify a category or categories of documents that the plaintiff believe constitutes an answer. If the parties agree that plaintiff is entitled to discovery that might not be admissible at trial, Ms. Yoder should cease the blanket denial base on voluminous amount of documents are too broad, work product, overly burdensome and attorney-client privilege.

Plaintiff used legitimate practice materials in this discovery process such as Mathew Bender forms of discovery, Pattern discovery in employment discrimination by Douglas Danner and Larry L. Varn, American Jurisprudence {Index} Discovery and asked defendants for information about specific employees during specific times. The requested documents believed to constitute or contain evidence relevant and material to matters involved in this civil action and cannot be obtained from other sources. This is the plaintiff first request for production of documents which should have the ability to obtain discovery of the opposing party's evidence.

Again Ms. Yoder clearly stated at the plaintiff's deposition" but what you can ask in discovery is a lot more **broad** than what you can ask at trial. And further state " what I can ask is anything that I believe might lead me to find helpful evidence." And again it is clearly a common practice in the district courts dealing with civil actions that request

2

for production is a broad discovery. Therefore the defendants should fully comply with the discovery requests. Sanctions are proper for a continuing discovery delays and failure to comply within the Federal Rules. see <u>Merice H. Bryan v. St. Francis Hospital</u> 3:00 CV 1430 D. Conn. Defendants, in clear violation of Rule 34, has failed to comply with Plaintiff's Request for Production. Therefore, In accordance with Rules 34 and 37, Plaintiff's Motion to Compel should be granted.

PLAINTIFF, RONALD PATTERSON

By: *Ronald Patterson*
Ronald Patterson
133 Huntington Street #1
Hartford, CT. 06015
Tel. (860) 728-5759

## CERTIFICATION

I hereby certify that the foregoing Plaintiff's Reply to Defendant's Opposition to the Motion to Compel with exhibits is mailed postage prepaid on this 31st day of October 2003 to the following :

Ms.Linda L. Yoder Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT. 06103-2819

*Ronald Patterson*
Ronald Patterson

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON<br>Plaintiff | : | CIVIL ACTION NO.<br>3:02:CV:1137 (JCH) |
| v. | : | |
| THE FOOD GROUP LLC/POND HOUSE CAFE<br>Defendant | : | SEPTEMBER 2, 2003 |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION DOCUMENTS AND INSPECTION OF THINGS

PLEASE TAKE NOTICE THAT pursuant to Federal Rules of Civil Procedure 26 (a)(5) and 34, and Local Civil Procedure Rule 5(e), Plaintiff, Ronald Patterson, ("Plaintiff"), hereby requests that the defendant, THE FOOD GROUP LLC/POND HOUSE, produce for inspection and copying the documents described herein. In accordance with Fed. R. Civ. P. 34, Defendant must serve on or before August 29, 2003, or within (30) days after service of this Request plus three (3) days for service by mail written responding separately to each item or category of items included in the request accompanied by a statement that defendant will comply with the particular request for inspection, a representation that defendant lacks the ability to comply with the particular, or an objection to the particular request. The

Exhibit A

verified written response and copies of all responsive documents may be sent directly to Ronald Patterson, 133 Huntington Street # 1 Hartford, CT. 06105.

NOTICE: ANY FAILURE TO SERVE A TIMELY WRITTEN RESPONSE IN ACCORDANCE WITH RULE 34 WILL CONSTITUTE A WAIVER BY DEFENDANT OF ANY OBJECTION TO THIS REQUEST.

**INSTRUCTIONS**

A.    If Defendant is unable to produce any file or document called for by this request, state the reason(s) why such a file or document cannot be produced.

In the event Defendant asserts attorney-client privilege, work product exclusion, or any other privilege as a basis for refusing to produce any document requested by any of the following requests, then as to each document subject to such assertion, or part of a document subject to such assertion, Defendant is requested to provide Plaintiff with an identification of such document(s) in writing sufficient to enable the Court to make a determination as to whether to sustain Defendant's assertion of privilege or work product exclusion. Such identification shall include, without limitation: the type of document, its general subject matter, the date of the document, the author(s), the addressee(s), all recipient(s), and a concise statement of the basis for the privilege or exclusion claimed.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

B.  Documents produced pursuant to this request shall be separately produced by Defendant for each paragraph of this request, or in the alternative, shall be identified as complying with the particular paragraph or paragraphs of the request to which they are responsive.

C.  If documents requested to be identified are in Defendant's control, but are not in Defendant's possession or custody, please identify the person(s) or entity(ies) with possession or control. If any such documents were, but are no longer, in Defendant's control, state what disposition was made of them, by whom, and the date or dates, or approximate date or dates, on which such disposition was made and why.

D.  These Requests for Production of Documents and Inspection of Things are to be regarded as continuing in nature pursuant to Federal Rules of Civil Procedure 26(e). Defendant is therefore requested to provide supplemental responses containing any additional information or documents later obtained that will augment or modify any response given to these Requests. Any such supplemental responses and/or production of documents are to be served on Plaintiff within thirty (30) days of the receipt of the additional information, or within a reasonable period of time prior to trial, whichever is sooner.

3

E.  Said production, unless otherwise specified or agreed upon by counsel, is to be made to Ronald Patterson, 133 Huntington Street, Unit 1, Hartford, Connecticut 06105, within 30 days from service of these Requests for Production. The Defendant is required to produce the documents described **herein and label them to correspond with the categories in the request.** Other than photographic negatives, it shall be sufficient to supply true and legible copies of the original documents.

## GENERAL OBJECTION AS TO ALL REQUESTS FOR PRODUCTION:

DEFENDANT FOOD GROUP LLC D/B/A POND HOUSE CAFE, OBJECTS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION DOCUMENTS AND INSPECTION OF THINGS, DATED JULY 30, 2003, FOR THE REASON THAT PLAINTIFF FAILED TO SERVE HIS DISCOVERY REQUESTS UPON THE DEFENDANT BY JULY 15, 2003 WHICH WOULD HAVE REQUIRED THE DEFENDANT TO RESPOND TO SAME BY AUGUST 15, 2003, WITHIN THE COURT ORDERED DEADLINE FOR COMPLETION OF DISCOVERY. THE PLAINTIFF DID NOT REQUEST OR RECEIVE AN EXTENSION OF TIME. THEREFORE, THE DEFENDANT BELIEVES THAT THESE REQUESTS ARE

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

UNTIMELY AND THAT IT HAS NO OBLIGATION TO RESPOND. ANY RESPONSES MADE BELOW ARE MADE WITHOUT WAIVING THIS OBJECTION.

GENERAL RESPONSE AS TO ALL REQUESTS FOR PRODUCTION:

Defendant will make available for inspection and copying, at a mutually agreeable date and time, at the Law Offices of Shipman & Goodwin LLP, One American Row, Hartford, CT 06103, (during normal business hours), relevant documents as set forth in its responses to plaintiff's discovery requests, without waiving its objections.

REQUEST FOR PRODUCTION

1. The complete files relating to the plaintiff, including, but not limited to the plaintiff's personnel file, the records pertaining to duties, salary, tips reports, time cards/sheets, evaluations, discipline, benefits, discharge, layoff or retirement.

OBJECTION:

Defendant objects to this request on the grounds that the phrase "the complete files relating to the plaintiff", is so vague and overly broad that it is impossible to determine the exact scope of the request. Defendant also objects to this request to the

5

extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*

RESPONSE:

Without waiving the foregoing objection, the Defendant will make available for inspection and copying the following documents:

-Defendant's Response to Plaintiff's CHRO Complaint and Exhibits;

-Conditions of Employment (signed by Mr. Patterson on May 21, 2001);

-Employee Handbook;

-Complaint to Department of Labor and Ruling.

2. The complete files relating to Arron, including, but not limited to Arron's personnel file the records pertaining to duties, salary, tips reports, time cards/sheet, evaluations, discipline, benefits, discharge, layoff or retirement.

OBJECTION:

Defendant objects to this request to the extent that it seeks information, including Arron's evaluations, salary, tip reports, benefits and retirement records, protected by

6

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128a *et seq.* In addition, Defendant also objects to this request on the ground that the phrase "The complete files relating to Arron," is so vague that it is impossible to determine the scope of the request. This request also is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is unlimited in scope of time, does not specify the subject matter of the documents requested, and seeks information about Defendant's employees other than the Plaintiff and Defendant. Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

3. The complete file relating to Ms. Kate Moss and Tracy Gilcrest including, but not limited to Ms. Moss's and Ms. Gilcrest's personnel file, the records pertaining to duties, salary, tips reports, time cards/sheet, evaluations, discipline, benefits, discharge, layoff or retirement.

7

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

OBJECTION:

Defendant objects to this request to the extent that it seeks information, including Mses. Moss' and Gilcrest's evaluations, salary, tip reports, benefits and retirement records, protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128a *et seq.* In addition, Defendant also objects to this request on the ground that the phrase "The complete file relating to Ms. Kate Moss and Tracy Gilcrest," is so vague that it is impossible to determine the scope of the request. This request also is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is unlimited in scope of time, does not specify the subject matter of the documents requested, and seeks information about Defendant's employees other than the Plaintiff and Defendant. Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

4. All documents identifying the nature of the defendant's operations, the physical locations, and the corporate organizational structure of the defendant, including the owners,

8

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

shareholders, directors and all others who have any responsibility for the development of policy.

**OBJECTION:**

This request is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant and is not restricted to the production of documents relevant to the allegations contained in Plaintiff's complaint.

**RESPONSE**

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096. Documents identifying the nature of the defendant's operations, the physical locations, and the corporate organizational structure of the defendant, including the owners, shareholders, directors, are contained in the corporation's Articles of Incorporation on file with the Secretary of State.

9

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

5.   All organizational charts, personnel charts, descriptions, lists, tables, flow charts or other similar documents in the possession of the defendant that show the identities, titles or responsibilities of each person responsible in any manner for personnel, recruitment, hiring selection, training, disciplining, demoting, terminating or accommodating any disability.

**OBJECTION:**

This request is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents relevant to the time period after the Plaintiff was no longer employed by Defendant and is not restricted to the production of documents relevant to the allegations contained in Plaintiff's complaint. Moreover, this request is vague because it does not identify the types of policies developed.

**RESPONSE:**

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385