6. Any and all documents which were required to be filed or were filed with any state or federal agency dealing with race, color, sex, age, national origin, religion or disability of employees.

**OBJECTION:**

**Defendants object to this request on the ground that the phrase "Any and all documents which were required to be filed or were filed with any state or federal agency ... " is so vague and overly broad that it is impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents relevant to the time period after the Plaintiff was no longer employed by Defendant and is not restricted to the production of documents relevant to the allegations contained in Plaintiff's complaint. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f,** *et seq.* **It also objects to the production of any workforce analysis conducted in connection with its affirmative action plan on the grounds that such information is privileged and not subject to disclosure in this lawsuit.**

**RESPONSE**:

Without waiving the foregoing objections, the Defendant responds as follows: None.

7. All documents relating to any complaints of discrimination or harassment committed by the defendant, his employees, or agents.

**OBJECTION**:

Defendant objects to this request on the grounds that the phrase "All documents relating to any complaints of discrimination or harassment committed by the defendant, his employees, or agents" is so vague and overly broad that it is impossible to determine the exact scope of the documents requested. This request also is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that: it is unlimited in scope of time and is not restricted to complaints of racial discrimination made against the Defendant in this action while they were employed at Defendant. As formulated, the present request is a comany-wide "fishing expedition" as it seeks totally inadmissible information about complaints of race discrimination involving Defendant's personnel other than the individual Defendants in this action. This request also seeks information protected by applicable Connecticut law

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq*. Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

RESPONSE:

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096. Plaintiff has in his possession documents pertaining to his claim filed with the Department of Labor.

8.    All documents relating to any claims or charges filed by any persons against the defendant with the Equal Employment Opportunity Commission, the Office of Federal Contract Compliance Programs, any other federal program, or any state or municipal agency dealing with race, color, sex, age, natural origin, religion or disability discrimination.

OBJECTION:

Defendant objects to this request on the grounds that the phrase "All documents relating to any claims or charges filed by any persons against the defendant with the Equal Employment Opportunity Commission, the Office of Federal Contract

13

Compliance Programs, any other federal program, or any state or municipal agency dealing with race, color, sex, age, natural origin, religion or disability discrimination" is so vague and overly broad that it is impossible to determine the exact scope of the documents requested. This request also is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that: it is unlimited in scope of time and is not restricted to complaints of racial discrimination made against the Defendant in this action while they were employed at Defendant. As formulated, the present request is a comany-wide "fishing expedition" as it seeks totally inadmissible information about complaints of race discrimination involving Defendant's personnel other than the individual Defendants in this action. This request also seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq*. Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

RESPONSE:

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096. Plaintiff

14

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

has in his possession documents pertaining to his claim filed with the Department of Labor.

9. Copies of any and all documents regarding any claims filed in any state or federal courts against the defendant concerning discrimination in employment.

**OBJECTION:**

Defendant objects to this request on the grounds that the phrase "Copies of any and all documents regarding any claims filed in any state or federal courts against the defendant concerning discrimination in employment" is so vague and overly broad that it is impossible to determine the exact scope of the documents requested. This request also is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that: it is unlimited in scope of time and is not restricted to complaints of racial discrimination made against the Defendant in this action while they were employed at Defendant. As formulated, the present request is a company-wide "fishing expedition" as it seeks totally inadmissible information about complaints of any type of discrimination involving Defendant's personnel other than the

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

individual Defendants in this action. This request also seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.* Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: None.

10. All documents relating to the affirmative action program or plan of the defendant including each affirmative action plain with effective dates for each, all documents relied upon in the development of each affirmative action plain.

OBJECTION:

Defendant objects to this request on the ground that the phrase "All documents relating to the affirmative action program or plan of the defendant including each affirmative action plain with effective dates for each, all documents relied upon in the development of each affirmative action plain"(sic), is so vague and overly broad that it is

16

impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents relevant to the time period after the Plaintiff was no longer employed by Defendant and is not restricted to the production of documents relevant to the allegations contained in Plaintiff's complaint. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f, *et seq*. It also objects to the production of any workforce analysis conducted in connection with its affirmative action plan on the grounds that such information is privileged and not subject to disclosure in this lawsuit.

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: None.

11. All documents which indicate the breakdown of the workforce by each of the following characteristics: name, date of hire, rate of pay, date of birth, sex, natural origin or religion of employees at the present time and during plaintiff's employment.

OBJECTION:

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Defendant objects to this request on the ground that the phrase "All documents which indicate the breakdown of the workforce by each of the following characteristics: name, date of hire, rate of pay, date of birth, sex, natural origin or religion of employees at the present time and during plaintiff's employment", is so vague and overly broad that it is impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents relevant to the time period after the Plaintiff was no longer employed by Defendant and is not restricted to the production of documents relevant to the allegations contained in Plaintiff's complaint. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f, *et seq.* It also objects to the production of any workforce analysis conducted in connection with its affirmative action plan on the grounds that such information is privileged and not subject to disclosure in this lawsuit.

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: None.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

12.  All documents which indicate the breakdown of the applicant pool by any of the following characteristics name, qualifications, date of application, position applied for and its rate of pay, date of birth, sex, national origin or religion of employees at the present time and during plaintiff's employment.

**OBJECTION:**

**Defendant objects to this request on the ground that the phrase "All documents which indicate the breakdown of the applicant pool by any of the following characteristics name, qualifications, date of application, position applied for and its rate of pay, date of birth, sex, national origin or religion of employees at the present time and during plaintiff's employment", is so vague and overly broad that it is impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents relevant to the time period after the Plaintiff was no longer employed by Defendant and is not restricted to the production of documents relevant to the allegations contained in Plaintiff's complaint.  Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut**

19

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f, *et seq*. It also objects to the production of any workforce analysis conducted in connection with its affirmative action plan on the grounds that such information is privileged and not subject to disclosure in this lawsuit.

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: None.


13. •   All documents which indicate the breakdown of the defendant's employment market pool by any of the following characteristics: name, qualifications, date of application, position applied for and its rate of pay, race, date of birth, sex, national origin or religion of employees at the present time and at the time of plaintiff's employment.

OBJECTION:

Defendant objects to this request on the ground that the phrase "All documents which indicate the breakdown of the defendant's employment market pool by any of the following characteristics: name, qualifications, date of application, position applied for and its rate of pay, race, date of birth, sex, national origin or religion of employees at

the present time and at the time of plaintiff's employment", is so vague and overly broad that it is impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents relevant to the time period after the Plaintiff was no longer employed by Defendant and is not restricted to the production of documents relevant to the allegations contained in Plaintiff's complaint. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f, *et seq.* It also objects to the production of any workforce analysis conducted in connection with its affirmative action plan on the grounds that such information is privileged and not subject to disclosure in this lawsuit.

<u>RESPONSE:</u>

Without waiving the foregoing objections, the Defendant responds as follows: None.

14.     All documents which you intend to introduce into evidence at the trial of this case and/or may be used to refresh the recollections of witnesses at depositions or trial.

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## OBJECTION:

Defendant objects to this request to the extent that this request seeks to circumvent the time lines for the disclosure of trial exhibits as set forth in the Report of the Parties' Planning Meeting and the Case Management Deadlines set forth therein, which deadlines have been extended by an Order of the Court dated June 19, 2003.

## RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will disclose its trial exhibits pursuant to the time frame and in the manner set forth by Order of the Court.

15.   All documents containing statistical data relied on by the defendant.

## OBJECTION:

Defendant objects to this request to the extent that this request seeks to circumvent the time lines for the disclosure of trial exhibits as set forth in the Report of the Parties' Planning Meeting and the Case Management Deadlines set forth therein, which deadlines have been extended by an Order of the Court dated June 19, 2003 and

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

for the reason that this request seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will disclose its trial exhibits pursuant to the time frame and in the manner set forth by Order of the Court.

16. All statements and memos relating to witnesses of potential witnesses or persons contacted in connection with this case.

OBJECTION:

Defendant objects to this request on the ground that the phrases "All statements and memo relating to witnesses of potential witnesses or persons contacted in connection with this case" are so vague it is impossible to determine the scope of the documents encompassed by the request. Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

**RESPONSE:**

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096.

17.  All documents which the defendant contends support the defenses asserted in the defendant's answer or that relate to any claims asserted by the defendant.

**OBJECTION:**

Defendant objects to this request on the grounds that it is vague, overly broad, and unduly burdensome and to the extent that it requests information protected by attorney/client and attorney work product privileges.

**RESPONSE:**

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096. Defendant will disclose its trial exhibits pursuant to the time frame and in the manner set forth by Order of the Court.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385