18.   All documents, speeches, articles, or publications by the defendant, his employees, and his agents that refer or relate to discrimination based on race, color, religion, age, sex, disability or any other characteristic.

**OBJECTION:**

Defendant objects to this request on the ground that the phrase "All documents, speeches, articles, or publications by the defendant, his employees, and his agents that refer or relate to discrimination based on race, color, religion, age, sex, disability or any other characteristic " is so vague and overly broad that it is impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant and is not restricted to the production of documents relevant to the allegations contained in Plaintiff's complaint. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f, *et seq*. It also objects to the production of any workforce analysis conducted in connection with its

affirmative action plan on the grounds that such information is privileged and not subject to disclosure in this lawsuit.

RESPONSE:

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096.

19.  All documents reflecting all insurance policies and/or insurance coverage which defendant has or has had for any liability arising from employment practices.

OBJECTION:

Defendant objects to this request on the grounds that the phrase "All documents reflecting all insurance policies and/or insurance coverage which defendant has or has had for any liability arising from employment practices" is so vague and overly broad that it is impossible to determine the exact scope of the documents encompassed by the request. In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited to insurance coverage for any insurance claim actually filed by Defendant in connection with Plaintiff's Complaint. Defendant also objects to this request to the extent that it seeks the production of

26

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

documents that are protected by the attorney-client privilege and attorney work product doctrine.

**RESPONSE:**

Without waiving the foregoing objections, the Defendant responds as follows: None.

20. All documents relating to the balance sheet reflecting the assets and liabilities and net worth of the defendant including 10-K statements and Annual Reports.

**OBJECTION:**

Defendant objects to this request on the grounds that the phrase "All documents relating to the balance sheet reflecting the assets and liabilities and net worth of the defendant including 10-K statements and Annual Reports" is so vague and overly broad that it is impossible to determine the exact scope of the documents encompassed by the request. In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

21. All other documents in the possession of the defendant that pertain to this legal action and that are not described above.

**OBJECTION:**

**Defendant objects to this request on the ground that the phrase "All other documents in the possession of the defendant that pertain to this legal action and that are not described above" is so vague and overly broad that it is impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f,** *et seq.*

22. All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant, pertaining to:

   a. Discipline,

28

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

      b.      Demotion,

      c.      Transfer,

      d.      Layoff,

      e.      Discharge.

**OBJECTION:**

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant. In addition, this request is overbroad and vague. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*

**RESPONSE:**

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

29

23.     All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant, pertaining to:

    a.    Compensation,

    b.    Fringe benefits,

    c.    Bonus pay,

    d.    Merit raises,

    e.    Incentives

**OBJECTION:**

**Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant. In addition, this request is overbroad and vague. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f** *et seq.*

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

**RESPONSE:**

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

25. All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant, pertaining to:

 a. Recruitment,

 b. Selection and hiring,

 c. Objective testing,

 d. Subjective evaluation,

 e. Position requirement,

 f. Job Posting

 g. Job assignment,

 h. Seniority system,

 i. Training program or skill acquisition opportunities,

 j. Promotion.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

OBJECTION:

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant. In addition, this request is overbroad and vague. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

26. All manuals, handbooks, notices or directives issued by the defendant, pertaining to supervisory responsibilities.

OBJECTION:

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

of documents outside of the time period of Plaintiff's employment by Defendant and for the reason it is unduly burdensome and not limited to the allegations in the complaint.

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

27.  All manuals, handbooks, notices, or directives issued by the defendant, pertaining to the maintenance of a safe, nondiscriminatory and nonhostile work environment.

OBJECTION:

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant and for the reason it is not limited to the allegations in the complaint and is unduly burdensome and vague.

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

28.  All other manuals, handbooks, notices or directives relating to the defendant's policies, procedures or practices that pertain to this legal action and that are not described above.

OBJECTION:

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant. In addition, this request is overbroad and vague. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.* and seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

34

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

29. The personnel file of the person(s) who replaced the plaintiff.

**OBJECTION:**

Defendant objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128a *et seq.* Defendant also objects to this request as it seeks information about Defendant's employees other than the Plaintiff and Defendant and to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine and for the reason this information is not relevant to any allegations in the complaint.

30. All documents pertaining to or relating to the plaintiffs payroll records, earnings records, fringe benefit and overtime records.

**OBJECTION:**

Defendant objects to this request for the reason that this request seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine and to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act,

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385