18.     All documents, speeches, articles, or publications by the defendant, his employees, and his agents that refer or relate to discrimination based on race, color, religion, age, sex, disability or any other characteristic.

**OBJECTION:**

Defendant objects to this request on the ground that the phrase "All documents, speeches, articles, or publications by the defendant, his employees, and his agents that refer or relate to discrimination based on race, color, religion, age, sex, disability or any other characteristic " is so vague and overly broad that it is impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant and is not restricted to the production of documents relevant to the allegations contained in Plaintiff's complaint.  Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f, *et seq.*  It also objects to the production of any workforce analysis conducted in connection with its

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099  • JURIS NO. 57385

affirmative action plan on the grounds that such information is privileged and not subject to disclosure in this lawsuit.

RESPONSE:

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096.

19.    All documents reflecting all insurance policies and/or insurance coverage which defendant has or has had for any liability arising from employment practices.

OBJECTION:

Defendant objects to this request on the grounds that the phrase "All documents reflecting all insurance policies and/or insurance coverage which defendant has or has had for any liability arising from employment practices" is so vague and overly broad that it is impossible to determine the exact scope of the documents encompassed by the request. In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited to insurance coverage for any insurance claim actually filed by Defendant in connection with Plaintiff's Complaint. Defendant also objects to this request to the extent that it seeks the production of

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

documents that are protected by the attorney-client privilege and attorney work product doctrine.

RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: None.

20.    All documents relating to the balance sheet reflecting the assets and liabilities and net worth of the defendant including 10-K statements and Annual Reports.

OBJECTION:

Defendant objects to this request on the grounds that the phrase "All documents relating to the balance sheet reflecting the assets and liabilities and net worth of the defendant including 10-K statements and Annual Reports" is so vague and overly broad that it is impossible to determine the exact scope of the documents encompassed by the request. In addition, this request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

21.    All other documents in the possession of the defendant that pertain to this legal action and that are not described above.

**OBJECTION:**

Defendant objects to this request on the ground that the phrase "All other documents in the possession of the defendant that pertain to this legal action and that are not described above" is so vague and overly broad that it is impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f, *et seq.*

22.    All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant, pertaining to:

a.    Discipline,

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

    b.       Demotion,

    c.       Transfer,

    d.       Layoff,

    e.       Discharge.

## OBJECTION:

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant. In addition, this request is overbroad and vague. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*

## RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

23.    All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant, pertaining to:

a.    Compensation,

b.    Fringe benefits,

c.    Bonus pay,

d.    Merit raises,

e.    Incentives

## OBJECTION:

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant.  In addition, this request is overbroad and vague.  Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

**RESPONSE:**

Without waiving the foregoing objections, the Defendant responds as follows:

Defendant will make available for inspection and copying its Employee Handbook.

25.    All manuals, handbooks, policies, procedures, notices, or directives issued by the defendant, pertaining to:

a.    Recruitment,

b.    Selection and hiring,

c.  ˙ Objective testing,

d.    Subjective evaluation,

e.    Position requirement,

f.    Job Posting

g.    Job assignment,

h.    Seniority system,

i.    Training program or skill acquisition opportunities,

j.    Promotion.

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## OBJECTION:

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant. In addition, this request is overbroad and vague. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*

## RESPONSE:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

26.    All manuals, handbooks, notices or directives issued by the defendant, pertaining to supervisory responsibilities.

## OBJECTION:

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

of documents outside of the time period of Plaintiff's employment by Defendant and for the reason it is unduly burdensome and not limited to the allegations in the complaint.

**RESPONSE**:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

27.    All manuals, handbooks, notices, or directives issued by the defendant, pertaining to the maintenance of a safe, nondiscriminatory and nonhostile work environment.

**OBJECTION**:

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant and for the reason it is not limited to the allegations in the complaint and is unduly burdensome and vague.

**RESPONSE**:

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

33

28.    All other manuals, handbooks, notices or directives relating to the defendant's policies, procedures or practices that pertain to this legal action and that are not described above.

**OBJECTION:**

Defendant objects to this request for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents outside of the time period of Plaintiff's employment by Defendant. In addition, this request is overbroad and vague. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.* and seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

**RESPONSE:**

Without waiving the foregoing objections, the Defendant responds as follows: Defendant will make available for inspection and copying its Employee Handbook.

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

29.    The personnel file of the person(s) who replaced the plaintiff.

**OBJECTION:**

Defendant objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128a *et seq.* Defendant also objects to this request as it seeks information about Defendant's employees other than the Plaintiff and Defendant and to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine and for the reason this information is not relevant to any allegations in the complaint.

30.    All documents pertaining to or relating to the plaintiffs payroll records, earnings records, fringe benefit and overtime records.

**OBJECTION:**

Defendant objects to this request for the reason that this request seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine and to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act,

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Conn. Gen. Stat. §§ 31-128f *et seq.*  Defendant further objections to this request as it is vague, overbroad and unduly burdensome.

**RESPONSE:**

Without waiving the foregoing objections, the Defendant responds as follows: Plaintiff has in his possession all paystubs for the short period of time he was employed by Defendant as well as his W-2 form.  Plaintiff was not entitled to fringe benefits as he was not employed for the requisite time period to become eligible for same.

31.  · All documents related to allegations of discrimination by the defendants made by employees, customers, vendors or others.

**OBJECTION:**

Defendant objects to this request on the grounds that this request is so vague and overly broad that it is impossible to determine the exact scope of the documents requested.  This request also is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that: it is unlimited in scope of time and is not restricted to complaints made against the Defendant in this action.  As formulated, the present request is a company-wide "fishing expedition" as it seeks

SHIPMAN & GOODWIN LLP · *COUNSELORS AT LAW*
ONE AMERICAN ROW · HARTFORD, CONNECTICUT 06103-2819 · (860) 251-5000 · FAX (860) 251-5099 · JURIS NO. 57385

totally inadmissible information about complaints of any discrimination involving Defendant.  This request also seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq*.  Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

**RESPONSE:**

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096.

32.    All documents, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, conversations or other communications by plaintiff or the defendant regarding the plaintiffs employment relationship with the defendant.

**OBJECTION:**

Defendant objects to this request on the grounds that this request is so vague and overly broad that it is impossible to determine the exact scope of the documents

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

requested.  This request also is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that: it is unlimited in scope of time and is not restricted to complaints made against the Defendant in this action.  As formulated, the present request is a company-wide "fishing expedition" as it seeks totally inadmissible information about complaints of any discrimination involving Defendant.  This request also seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*  Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

**RESPONSE:**

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096.

33.    Any notes, memoranda, or records of any kind pertaining to the plaintiff's job performance during the relevant time period.

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## OBJECTION:

Defendant objects to this request on the grounds that this request is so vague and overly broad that it is impossible to determine the exact scope of the documents requested.  This request also is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that: it is unlimited in scope of time and is not restricted to complaints made against the Defendant in this action.  As formulated, the present request is a company-wide "fishing expedition" as it seeks totally inadmissible information about complaints of any discrimination involving Defendant.  This request also seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq*.  Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

## RESPONSE:

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

34.    All documents relating to all inquiries or investigations conducted as a result of plaintiff's claim or allegation of discrimination.

## OBJECTION:

Defendant objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine and to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*

## RESPONSE:

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096.

35.    All documents related to the defendant's efforts to prevent employment discrimination in the workplace including those made by defendant in an effort to comply with state and federal laws or regulations relating to the maintenance of a nondiscriminatory environment.

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## OBJECTION:

Defendant objects to this request on the grounds that this request is so vague and overly broad that it is impossible to determine the exact scope of the documents requested. This request also is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that: it is unlimited in scope of time and is not restricted to complaints made against the Defendant in this action. As formulated, the present request is a company-wide "fishing expedition" as it seeks totally inadmissible information about complaints of any discrimination involving Defendant. This request also seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.* Defendant also objects to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

## RESPONSE:

Without waiving the foregoing objections, the Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096 as well as defendant's Employee Handbook.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

36.    All documents relating to the defendant's communication to and about the plaintiff that pertain to this legal action and that are not described above.

<u>OBJECTION:</u>

**Defendant objects to this request on the ground that the phrase "All documents relating to the defendant's communication to and about the plaintiff that pertain to this legal action and that are not described above" is so vague and overly broad that it is impossible to determine the scope of the documents requested and for the reason this request is not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine. Defendant also objects to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. § 31-128f, *et seq*.**

<u>RESPONSE:</u>

**Without waiving the foregoing objections, the Defendant responds as follows: Defendant will provide for inspection and copying its Answer and Exhibits to CHRO Complaint #0210096 as well as defendant's Employee Handbook.**

42

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

**DEFENDANT,**

FOOD GROUP LLC d/b/a
POND HOUSE CAFE

By _____
Linda L. Yoder
Fed. Bar No. ct01599
Lyoder@goodwin.com
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Tel. No.860 251-5717
Fax No. 860-251-5500

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## CERTIFICATION OF SERVICE

This is to certify that a copy of the Defendant's Objections and Responses to Plaintiff's First Request for Production of Documents and Inspection of Things was mailed, postage prepaid, certified return receipt requested, to the following pro se plaintiff on this 2nd day of September, 2003:

Mr. Ronald Patterson
133 Huntington Street #1
Hartford, CT 06105

_____
Linda L. Yoder

349814 v.01

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385