UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON | : | CASE NO. 3:02CV1137 JCH |
| Plaintiff | : | |
| v. | : | |
| THE FOOD GROUP LLC/POND HOUSE CAFE | : | |
| Defendant | : | December 15, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

This case arises from the termination of Mr. Patterson's employment as a waiter shortly after he was hired. Despite the fact that the same person who hired him also made the termination decision, Mr. Patterson claims that he was terminated because of his race and age. Mr. Patterson has failed to come forward with any admissible evidence to support his claim. To the contrary, in light of the fact that his race and age were apparent when he was hired, no reasonable juror could conclude that the defendant terminated Mr. Patterson for these reasons. Moreover, Mr. Patterson is not entitled to raise a claim of age discrimination because he failed to raise this claim in his administrative complaint. In these circumstances,

FILED

Dec 15  4 37 PM '03

U.S. DISTRICT COURT
BRIDGEPORT CONN
CLERK

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

the defendant is entitled to summary judgment in its favor on all claims made in the Complaint.

I.   **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The Plaintiff filed his claim against Food Group LLC d/b/a Pond House Café (the "Pond House") on or about July 3, 2002, seeking monetary damages and reinstatement of his position as a waiter at the Pond House. The Plaintiff was terminated from his position as waiter and brought this action alleging that the Pond House discriminated against him on the basis of race and age in violation of Title VII and the ADEA. Specifically, the Plaintiff claims he was discharged from employment and replaced by a younger person, although he possessed all of the qualifications the job required. See Complaint at ¶ 9A. See Complaint at ¶ 9B. Finally, in Paragraph 12 of the Complaint, the Plaintiff claims that the Pond House violated its employee manual and an implied covenant of good faith and fair by terminating him for discriminatory reasons. See Complaint at ¶ 12.

On August 26, 2002, the defendant filed a motion to dismiss the Complaint. This motion was granted in part on March 10, 2003 and the court dismissed a claim brought under the Consumer Credit Protection Act. The defendant now moves for summary judgment in its favor on all remaining claims in the Complaint.

Mr. Patterson was hired on May 21, 2001 by Kim Yarum as a probationary employee and signed an acknowledgement that the management could terminate his employment at any time with or without cause during the probationary period. (Exhibit A and B) Kim Yarum, the General Manager, exercised the Pond House's right to terminate Mr. Patterson at will on July 6, 2001 within the 60 day probationary period. (Exhibit C; Patterson deposition at 67-18 to 25). The reasons given by Kim Yarum, inadequate performance, were supported by the observations of other Pond House employees. (Exhibit D). Also, the employee who he claimed "replaced him" in his position was already employed by the Pond House when he was hired. Patterson deposition at 40-14 to 41-6. Mr. Patterson filed an administrative complaint with the Connecticut Commission on Human Rights and Opportunities alleging race discrimination. (Exhibit F). This complaint did not allege age discrimination. (Exhibit F; Patterson deposition at 80-9 to 81-5). As Mr. Patterson has revealed in his deposition, he has been terminated from prior positions, a fact not revealed on his application to the Pond House. (Exhibit G Patterson deposition at 18-20 to 34-2; Patterson deposition at 93-13 to 94-8.) He has sued these employers claiming discrimination. (Patterson deposition at 18-20 to 34-2.)

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## II. LAW AND ARGUMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The salutary purposes of summary judgment – avoiding protracted expensive and harassing trials – apply no less to discrimination cases than to commercial or other areas of litigation. *See* Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988); Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.) cert. denied, 474 U.S. 829, 106 S. Ct. 91, 88 L. Ed. 2d 74 (1985)), aff'd, 117 F.3d 652, 654 (2d Cir. 1997) (per curium); see also Grady v. Affiliated Central, Inc., 130 F.3d 553, 561 (2d Cir. 1997) (affirming the district court's grant of summary judgment where the "record . . . is bereft of evidence from which a fact finder could infer that Affiliated discriminated against Grady on the basis of her age."). Similarly, reliance upon conclusory statements or unsupported allegations is not sufficient to defeat a motion for summary judgment. Id.; See also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2nd Cir. 1993); Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). Under these standards, summary judgment is mandated because Mr. Patterson can produce no evidence to show that his age or race was a factor in the decision to terminate his employment.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

### III. ARGUMENT

**The Mere Fact That Mr. Patterson Belongs to a Protected Class is Insufficient to Establish Discrimination.**

Mr. Patterson claims race and age discrimination under both state and federal law. Although these claims are brought under different federal and state statutes, Mr. Patterson must make the same basic showing for each cause of action. See, e.g. Board of Education v. Commission on Human Rights and Opportunities, 176 Conn. 533, 537-38, 409 A.2d 1013 (1979); Pik-Kwik Stores, Inc. v. Commission on Human Rights and Opportunities, 170 Conn. 327, 330-31, 365 A.2d 1210 (1976). That is, he must demonstrate that he has sufficient evidence to produce at trial from which a reasonable jury could conclude that his race or age was a factor in the Food Group's decisions regarding his employment. Mr. Patterson cannot make such a showing in this case.

In order to defeat a motion for summary judgment, the Plaintiff must overcome two obstacles. First, Mr. Patterson must establish a *prima facie* case of discrimination. To do this, Mr. Patterson must show that (1) he belongs to a protected class; (2) he was qualified for employment; (3) he was terminated or otherwise suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an

inference of discrimination. <u>Woroski v. Nashua Corp.</u>, 31 F.3d 105, 108 (2d Cir. 1994). The fourth element is at issue in this motion for summary judgment.

If the plaintiff manages to establish this *prima facie* case, the burden of production then shifts to the defendant to *articulate* a legitimate, non-discriminatory reason for its action -- but the defendant is required to neither explain nor prove that reason. <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133 (2000). The burden remains on the plaintiff at all times, however, to *prove*, by production of sufficient admissible evidence, that intentional discrimination is the real reason for the employment decision. *Id.* To do so, the plaintiff must "adduce *facts* which if taken as true, could lead a jury to believe that the defendant harbored the requisite intent" <u>Dister v. The Continental Group, Inc.</u>, 859 F.2d 1108, 1113 (2d Cir. 1988) (emphasis added). The mere production of "*some* evidence is not sufficient to withstand a properly supported motion for summary judgment. The Plaintiff in this case cannot establish either a *prima facie* case or pretext.

  1. Plaintiff's Age and Race Is Insufficient By Itself To Establish A *Prima Facie* Case.

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

The facts of this case are simple. There is nothing in these circumstances that could give rise to an inference that Food Group considered Mr. Patterson's race or age when deciding to terminate his employment.

Mr. Patterson did not produce any evidence during discovery sufficient to support his discrimination claims. First, he cannot establish that he was replaced by a younger employee of a different race. The employee assigned to cover one shift that Mr. Patterson saw as his own already had been employed at the Pond House when Mr. Patterson was hired. In addition, Mr. Patterson has no evidence that his age or race played a role in the termination process. Mr. Patterson was asked during his deposition to describe all of the reasons he felt that his race or age was a factor in the decision-making process. Essentially, he responded that he did not feel that his termination was fair because he should have been given more time to learn the business. This is not sufficient to proceed to a jury on a claim of discrimination. [1]

The Second Circuit Court of Appeals has on several occasions affirmed the grant of summary judgment in favor of defendants when the plaintiff has failed to present sufficient

---

[1] In this regard it is notable that Mr. Patterson also has pending claims against two other former employers who terminated his employment for performance reasons. Moreover, Mr. Patterson omitted these terminations in his application to the Pond House.

evidence during discovery to establish an inference of discrimination. In <u>Grady v. Affiliated Central, Inc.</u>, 130 F.3d 553 (2d Cir. 1997), for example, the plaintiff was terminated from employment based on inadequate performance. She claimed discrimination on the basis of age under the ADEA but failed to present any evidence that the defendant terminated her for any reason other than inadequate performance. The District Court granted summary judgment in favor of the defendant because she failed to present any facts raising an inference of discrimination. The Second Circuit Court of Appeals affirmed, stating: "[T]he creation of a genuine issue of fact with respect to pretext alone is not sufficient. There must also be evidence that would permit a rational fact finder to infer that the discharge was actually motivated, in whole or in part, by discrimination on the basis of age. The record in the present case is bereft of evidence from which a fact finder could infer that Affiliated discriminated against Grady on the basis of her age. In light of the record, we see no possibility that any rational fact finder could infer that Grady was treated differently from younger trainees or was fired because of her age." See also, <u>McLee v. Chrysler Corp.</u>, 109 F.3d 130, 133 (2d Cir. 1997) (court affirmed the grant of summary judgment in favor of the defendant because the plaintiff failed to present sufficient facts that could permit an inference of discrimination).

An application of this standard to the facts of this case requires the entry of summary judgment in Defendant's favor on plaintiff's claims of age discrimination.

2.  Mr. Patterson Cannot Establish Pretext.

Even if plaintiff could somehow establish a *prima facie* case of age discrimination, the "employer may rebut the plaintiff's *prima facie* showing simply 'by articulating some legitimate non-discriminatory reason for the employee's rejection.'" Graham v. Renbrook School, 692 F. Supp. 102, 106 (D. Conn. 1988) (quoting Burdine, 450 U.S. at 253). The defendant is merely required to *articulate* a legitimate, non-discriminatory reason for its action, and not to explain or prove that reason. Here, the Defendant has properly articulated a non-discriminatory reason, poor performance, for the decisions to terminate Mr. Patterson's employment. Mr. Patterson has not been able to produce any admissible evidence from which a jury could conclude that his age or race was the real reason that he was terminated.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

The Plaintiff has failed to plead any facts that would support a finding that he was terminated because of his age or race. See Henry v. Daytop Village, Inc., 42 F.3d 89, 97 (2d Cir. 1994) (plaintiff claiming discrimination through selective enforcement "must adduce evidence consisting of more than mere conclusory or unsubstantiated statements).

Moreover, there is a strong inference against discrimination when the person who made the decision to hire was the person who made the decision to fire, especially when the termination occurred a short time after hiring. Grady v. Affiliated Central, Inc., 130 F.3d 553, 560 (2d Cir. 1997). The Grady inference has been embraced and applied by courts within this Circuit. See Manzi v. DiCarlo, 1999 U.S. Dist. LEXIS 12296, at * 23-25 (E.D.N.Y. 1999) (applying Grady, although finding other evidence of discrimination present), quoting Lowe v. J.B. Hunt Transp., Inc., 963 F.2d 173, 175 (8th Cir. 1992) ("it is simply incredible, in light of the weaknesses of plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later"); Ralkin v. New York City Transit Authority, 1999 U.S. Dist. LEXIS 13776, at *35-38 (E.D.N.Y. 1999) (applying Grady and granting summary judgment because, among other things, the same manager who made the decision to fire plaintiff also played a significant role in the decision to hire her); McKinney v. Lanier

Worldwide, Inc., 1998 U.S. Dist. LEXIS 15217, at *12-13 (S.D.N.Y. 1998) (same).

In this case, Kim Yarum hired Mr. Patterson and terminated his employment in less than two months. His race and age were apparent when he was hired. Hence, the Pond House is entitled to rely on the presumption that his age and race did not play any role in its employment decision. Mr. Patterson has not introduced any admissible evidence that would support a contrary conclusion. In these circumstances, the Court should dismiss the plaintiff's discrimination claims.

2. <u>The Plaintiff Has Failed To State A Claim For Breach Of Contract</u>.

The Plaintiff claims that the Defendant violated its employee manual and public policy and implied covenant of good faith and fair dealing in violation of federal and state laws by discriminating against him in violation of state and federal law. Although Connecticut recognizes a contract cause of action for breach of the covenant of good faith and fair dealing, it is well settled that such a claim will not be permitted when a statutory remedy exists. The plaintiff alleges that the defendant violated his contract rights by violating its stated non-discrimination policies and the State and Federal discrimination laws. The plaintiff is not entitled to bring a state law wrongful discharge claim based upon alleged

statutory violations. Rose v. James River Paper Company, supra; Burnham v. Karl & Gelb, P.C., 50 Conn. App. 385, 395, 717 A.2d 811 (1998)(the existence of a statutory remedy under OSHA precludes the Plaintiff's public policy wrongful discharge claim); Napoleon v. Xerox Corp., 656 F. Supp. 1120, 1125 (D. Conn. 1987)(wrongful discharge claim cannot be maintained where there is an explicit statutory remedy). As a consequence the Plaintiff's claim in Paragraph 12 of the Complaint based on a breach of the covenant of good faith and fair dealing must be dismissed.

    3.    The Court Should Decline to Exercise Supplemental Jurisdiction.

The plaintiff is alleging claims under both State and Federal law. A Federal Court may exercise jurisdiction over a State law claim if such claims are brought together with a Federal claim. 28 U.S.C. 3136(a)7. However, a Federal District Court may decline to exercise supplemental jurisdiction if the District Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. 31367(c) (3). If the Court dismisses the plaintiff's Federal claims it should decline to exercise jurisdiction over any remaining State law claims.

    4.    This Court Lacks Jurisdiction To Hear Mr. Patterson's Age Discrimination Claims

It is well settled that a plaintiff must seek timely review of a state or federal discrimination claim before the CHRO or EEOC seek order to bring a court action. See e.q.

29 U.S.C. §626(d). The failure to file an administrative claim deprives a court of subject matter jurisdiction. See Simko v. Ervin, 234 Conn. 498, 503 (1995); Malasky v. Metal Products Corp. 44 Conn. App. 466, 452 (1996) certification denied, 241 Conn. 906 (1977).

Although Mr. Patterson did file a discrimination claim with the CHRO he raised race/color as the reason for the defendant's actions; his age was not mentioned. Hence, since the plaintiff failed to file a timely administrative claim raising age discrimination he cannot be permitted to raise this claim now.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant summary judgment in favor of the defendant on each claim in of the Complaint.

>
> Respectfully submitted,
>
> DEFENDANT
> FOOD GROUP LLC d/b/a
> POND HOUSE CAFE
>
> By: _____
> Linda L. Yoder (ct01599)
> Shipman & Goodwin LLP
> One American Row
> Hartford, CT 06103-2819
> Telephone (860) 251-5717
> Facsimile (860) 251-5500
> E-mail: lyoder@goodwin.com

### CERTIFICATION OF SERVICE

This is to certify that on this 15th day of December, 2003, a copy of the foregoing Memorandum in Support of Motion for Summary Judgment, exhibits and affidavits was sent via first-class mail, postage prepaid, to:

Ronald Patterson
133 Huntington Street #1
Hartford, CT 06105

_____
Linda L. Yoder

352305 v.01 S2