UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONALD PATTERSON  :  CIVIL ACTION NO. 3:02 CV 1137(JCH)

    Plaintiff,  :
  v.  :
THE FOOD GROUP LLC/POND  :
HOUSE CAFÉ
    :
    Defendants.  :  February 27, 2004

## MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGEMENT

The plaintiff, Ronald Patterson ("Patterson") ,brought the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., Plaintiff alleges that the defendant Food Group LLC./Pond House Café termination of his employment as a food server was based on the Plaintiff's age, race. Strong inference exist that discrimination was motivating factor for the adverse action taken to terminate, a reasonable juror could conclude that the defendant violated the anti-discrimination laws alleged. Moreover, This Honorable Court does have subject-matter jurisdiction of the Plaintiff's age discrimination claim. A genuine issue of fact clearly exists, precluding rendition of summary judgement where there is over the slightest doubt as to the facts as in doubt is a material one which has legal probative force as to a controlling issues in accordance to Fed. R. Civil P. 56 (c) Therefore the defendant is not entitled to summary judgement as matter of law.

1

1. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The Plaintiff pro se claimant filed this civil action against Food Group LLC a/b/a Pond House Café on or about July 3, 2002, seeking reinstatement, back pay, restoration of seniority, attorney's fees, and compensatory and punitive damages. The Plaintiff was terminated from his position as waiter and brought this action alleging that the defendant discriminated against him on the basis of race and age in violation of Title VII and ADEA. Specifically, the Plaintiff claims he was discharged from employment and replaced by a younger person, although he possessed all of the qualifications the job required. See Complaint at ¶ 9 A. See Complaint at ¶ 9 B. Finally, in Paragraph 12 of the Complaint, the Plaintiff claims that the Pond House breach of contract based on the Defendant's alleged violation of the terms of its personnel manual by terminating him for discriminatory reasons. See Complaint at ¶ 12.

On August 26, 2002, the defendant filed a motion to dismiss the Complaint. On March 10, 2003 this court denied said motion to plaintiff's claims under Title VII, the ADEA, and for breach of contract. The defendant moves for summary judgement in its favor on all remaining claims in the Complaint.

The Plaintiff was hired on May 21, 2001 by Kim Yarum and understood that my employment was contingent on a 60 day probationary period, acknowledge that at any time during the probation period, management may determine that **only** my performance or abilities are not appropriate for this restaurant that my employment can be terminated.

Defendant's non-discriminatory reason of poor performance is pretextual. Base on the plaintiff experience and the job level it create a genuine issue plaintiff was performing up to the defendant's legitimate expectations. It 's reasonably infer that the

2

defendant employs substantially portion of younger workers 16 and 25 years old unlike the plaintiff of caucasian decent in their workforce. The defendant favored younger caucasion waiters, whether male or female, despite their abilities or training. There were a pattern of disparate treatment to the plaintiff base on the fact Arron Bard had unsaitisfactory performance during plaintiff's employment with the defendant it was overlooked and he completed his probationary period. Disciplinary notices were not signed by the plaintiff nor witness and observations of other Pond House employees that were dated during administrative procedure at the Connecticut Commission Human Rights and Opportunities are pretext and bias. The age discrimination claim were filed within 300-day federal filing charge period. See 29 U.S.C.A § 626 (d) (1).

## II    LAW AND ARGUMENT

Rule 56 (c) A genuine issue of fact exists, precluding rendition of summary judgement where there is the slightest doubt as to the facts, so long as the fact in doubt is a material one which has legal force as to a controlling issue. See Byrd v. Leach Fla. App., 226 So. 2d 866, 868. At the summary judgement stage, it is Title VII once the plaintiff meets his burden of establishing a prima facie case and then show there is a genuine dispute of material facts as to employer's reason for adverse decision is pretextual / unworthy of credence, the plaintiff withstands summary judgement and is entitled to go to trial. Van Heerden v.Total Petroleum, Inc. D. Colo. 1996, 942 F.Supp. 468.

A U.S. Supreme Court ruling in a job bias case is one of two in the past three years that ease the burden of workers claiming illegal discrimination on the job.

Together, the rulings have turned back lower courts efforts to build higher evidentiary hurdles to proving an employer's intent to discriminate.

In an age discrimination case in 2000, the high court held that a plaintiff's prima facie case, combined with a showing that an employer's started reason showing that an employer's stated reason for an adverse job action was false, allows a trial court to conclude that the employer unlawfully discriminated. See Reeves v. Sanderson Plumbing Products Inc. 530 U.S. 133.

This case race and age played a role in the defendant's decision making process. It 's reasonably infer that the defendant employs substantially portion of younger workers 16 and 25 years old unlike the plaintiff of caucasian decent in their workforce. The defendant favored younger caucasion waiters, whether male or female, despite their abilities or training. The plaintiff was the only member of his protected class in the position he held. That motivative influence the plaintiff's termination. Also based on the fact that the defendant attempt to cover up their discriminatory conduct by forging disciplinary notices and uncredable employees observations, in general, a factfinder is entitled to consider a party's dishonestly about a material fact as affirmative evidence of guilt. See Reeves supra Evidence § 193 - inference of guilt.

In sex discrimination case, the justices unanimously held that direct evidence is not required for a plaintiff to prove discrimination was a motivating factor. The Desert Palace, Inc., Caesars Palace Hotel & Casino v. Costa No. 02-679, Argued April 21, 2003—Decided June 9, 2003 A plaintiff has to establish as a genuine issue that discrimination was motivating factor, It is no longer required to show it was a determining factor.