UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR -8  P 1: 05

U.S. DISTRICT COURT
BRIDGEPORT, CONN

RONALD PATTERSON,
     Plaintiff

v.      :    CIV. NO. 3:02cv1137 (JCH)

THE FOOD GROUP LLC/POND HOUSE CAFE,
     Defendant

## RULING

Plaintiff, appearing pro se, alleges he was terminated from employment at the Pond House Café on the basis of race and/or age discrimination. Plaintiff moves to compel [doc. # 42] the production of documents in response to a request that encompasses 36 categories of documents relating to various aspects of the defendant's operation of the Pond House Café. The court heard oral argument on plaintiff's motion on February 19, 2004. Plaintiff asserts that he is in need of this discovery in order to prepare a response to defendant's summary judgment motion, filed on December 15, 2003.

At oral argument, the parties narrowed the scope of the documents at issue, and counsel for the defendant provided personnel files to the court for in camera review. This ruling will address only the narrowed production requests as presented at the hearing. All items included in the original production request not discussed herein are DENIED. After reviewing the parties' submissions and considering the arguments presented at

the hearing, plaintiff's motion [**doc. # 42**] is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff requests the disciplinary reports of Ms. Tracy Gilchrist, Ms. Kate Moss, and Mr. Aaron Baird. At the hearing, defendant represented that there are no disciplinary reports for these employees. Plaintiff agreed to withdraw the request with regard to Ms. Gilchrist and Ms. Moss, but declined to withdraw the request with regard to Mr. Baird. The court has reviewed Mr. Baird's personnel file *in camera* and has determined that there are no disciplinary reports in the file. Plaintiff's request is DENIED.

Plaintiff requests the date of hire and race of the individuals hired for employment at the Pond House between May 2001 and October 2001. Defendant objects on relevance grounds, asserting that hiring practices are not at issue in this case. Defendant also objects on burdensomeness grounds. The defendant represents that it does not keep computerized records of all the applicants that have been considered for employment, and would have to review archived files for this information. The court finds that the information concerning the hiring practices of the Pond House are not relevant to plaintiff's claim that he was *terminated* on the basis of his race and/or age. Plaintiff's request is DENIED.

Defendant agreed to provide plaintiff with data about the waitstaff who were terminated from employment at the Pond House

from 1999 to date. Defendant requested that it be permitted to provide the information with individual employees identified by number instead of by name. Plaintiff requested that the data contain the race and age of the employees in order to determine whether he might establish a claim based upon a pattern or practice of discrimination. Plaintiff's motion is GRANTED to the extent that it seeks information concerning employees who were terminated from the Pond House from 1999 to date, including the race and age of the employees to the extent that this information is known, or is reasonably available, to the defendant. The defendant shall be permitted to keep the names of the employees confidential unless otherwise agreed to by the parties or until further order of the court.

Plaintiff requests the payroll information, including tip reports and payment reports, for Mr. Baird, Ms. Gilchrist, and Ms. Kim Hunter. Plaintiff claims this information is relevant because it will establish that the plaintiff carried a "full station" and was performing his job well. The defendant objects on relevance and burdensomeness grounds.

According to the defendant, Both Ms. Gilchrist and Ms. Hunter have been employed at the Pond House Café for approximately four (4) years. By contrast, Mr. Patterson had been employed at the Pond House Café on a probationary period for less than two (2) months at the time he was terminated. Mr. Patterson cannot argue that Ms. Gilchrist and Ms. Hunter are similarly situated employees who were treated differently from

3

the plaintiff on account of their race and/or age. Mr. Baird had just completed his probationary period at the time Mr. Patterson was terminated. Additionally, Mr. Baird was a waiter in the café area where tips are usual, whereas Mr. Patterson was employed in the banquet area, where tips are not customary. Under these circumstances, the payroll information for these employees is not relevant to whether the plaintiff's employment at the Pond House was terminated on account of his race and/or age. Plaintiff's request is DENIED.

In light of the above ruling, the court enters the following schedule.

The defendant shall provide plaintiff with the data on or before Friday, April 16, 2003.

Plaintiff's response to defendant's summary judgment motion is due on or before Friday, May 14, 2004.

CONCLUSION

For the reasons stated above, plaintiff's motion to compel [**doc. # 42**] is **GRANTED IN PART** and **DENIED IN PART**.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of

the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 31 day of March 2004.

```
                              _____
                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE
```