UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| RONALD PATTERSON | : | CIVIL ACTION NO. 3:02 CV01137(JCH)   A 11: 50 |
| Plaintiff, | : | U.S. DISTRICT COURT |
| v. | : | BRIDGEPORT, CONN |
| THE FOOD GROUP LLC/POND HOUSE CAFÉ | : | |
| Defendants. | : | April 15, 2004 |

## PLAINTIFF'S OBJECTION TO U. S. MAGISTRATE FITZSIMMONS'S RULING.

Plaintiff, RONALD PATTERSON objects to U.S. Magistrate Fitzsimmons's ruling entered on March 31, 2004, in which plaintiff received on April 14, 2004, pursuant to 28 U.S.C § 636 (b) (1) (A)(A) and 72(a) of Fed R. Civ. P. which is review of a District Judge pursuant to the clearly erroneous statutory standard of review.

Plaintiff appeared pro se alleges termination and violation of the Food Group personnel manual based on race and age discrimination.

The Second Circuit ruled in New York State Energy Research & Development Authority v. Nuclear Fuel Services 97 FRD 709, 36 FR Ser 2d 1528 ( WD NY 1983) Relevance for the purposes of discovery is thus defined in terms if likelihood that useful evidence may uncovered.

Plaintiff objects to the denial of all items included in the original production request, there were items in the original production request not discussed at the hearing that the plaintiff and Mr. Sedor agreed, such as 15,16,17.

Plaintiff objects to the denial of the plaintiff request of date of hire, race and/or age of individuals hired at the Pond House, between May 2001 and October 2001.

1

Plaintiff alleged in his complaint that younger persons replaced him not in his protected class as defined by Tittle VII of the Civil Rights Act. The plaintiff request computerized records or other records of applicants that were hired for employment during that time, which would be relevant and not burdensome. It the defendants can obtain employees who were terminated from 1999 to date they certainly obtain individuals employees date of hire, race and age.

Plaintiff objects to the denials of payroll information, including tip reports, and payments records of Mr. Baird, Ms. Gilchrist and Ms. Moss. The complaint alleges preferential treatment of Caucasian waiters whether male, female, despite their abilities, or training. It could be inferred that base on the Plaintiff race and age was denied opportunity to established seniority and /or years of service. Relevance for purposes of discovery could be sought, Ms. Gilchrest and Ms. Moss were similarly situated employees as the plaintiff, who were treated differently in their condition of employment than the plaintiff on account of their race and/or age. Payroll information can relate to the disparate treatment because that where the evidence of discrimination could be found.

Plaintiff object and seek again to clarify that the Plaintiff was a waiter in the café from hire to termination, so payroll records is relevant to whether the plaintiff's employment at the Pond House was terminated on account of his race and /or age.

Plaintiff request the response to defendant's summary judgement motion be extended.

Wherefore, the plaintiff requests the broader scope of examination permitted under Fed. R Civ. Rule 26(b) and to modify Magistrate Fitizsimmons ruling on the basis the foregoing requests are within the subject-matter of the civil action.

2

PLAINTIFF, RONALD PATTERSON

By: *Ronald Patterson* (signature)
Ronald Patterson
133 Huntington Street #1
Hartford, CT. 06015
Tel. (860) 728-5759

**CERTIFICATION**

I hereby certify that the foregoing Plaintiff's Objection to Magistrate Fitzisimmons's ruling mailed postage prepaid on this 15st day of April 2004 to the following :

Ms. Linda L. Yoder Esq.          Mr. Steve Sedor Esq.
Shipman & Goodwin LLP            Shipman & Goodwin LLP
One American Row                 One American Row
Hartford, CT. 06103-2819         Hartford, CT. 06103-2819

*Ronald Patterson* (signature)
Ronald Patterson