UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON : | CIVIL ACTION NO: |
| : | 3:02 CV 1137 (JCH) |
| Plaintiff, : | |
| v. : | |
| : | |
| THE FOOD GROUP LLC/POND : | |
| HOUSE CAFÉ : | |
| Defendant. : | MAY 5, 2004 |

### DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION
### DATED APRIL 15, 2004

**I.   INTRODUCTION**

The plaintiff, Ronald Patterson ("Patterson") is proceeding without counsel in this matter. As the court may recall, Patterson was hired by the defendant Food Group LLC/Pond House Café ("Pond House") as a probationary employee on May 21, 2001 by Kim Yarum. Ms. Yarum terminated Patterson on July 6, 2001, within Pond House' 60-day probationary period, for engaging in serious misconduct. This case is one of several others in which Patterson has sued his former employer.

On December 15, 2003, Pond House moved for summary judgment on all counts. Patterson then moved on December 30, 2003 to postpone consideration of Pond House'

motion because of the issues he raised in his motion to compel production of documents. (Patterson's "Motion")

The Court granted Patterson's request and heard oral argument on Patterson's Motion on February 19, 2004. At oral argument, the parties informed the court that they had narrowed their disputes and presented the remaining issues to the court for resolution. The court gave Patterson every opportunity to raise additional arguments as to what documents he was requesting. He was further given ample opportunity to respond to the defendant's objections to his burdensome discovery requests.[1]

On or about March 31, 2004, the Honorable Holly B. Fitzsimmons issued an Order concerning Patterson's Motion. Magistrate Fitzsimmons denied the majority of Patterson's request, but directed Pond House to identify the members of its wait-staff who had been terminated since 1999. Pond House promptly complied with the court's directive and produced that information to Patterson on April 14, 2004.

On or about April 15, 2004, Patterson filed an "Objection to U.S. Magistrate Fitzsimmons' Ruling." He later filed a subsequent "Objection" on April 21, 2004. (A copy

---

[1] Patterson filed 36 broad requests for documents that were not tailored to his specific case. Claiming only that he was "entitled" to them, the plaintiff asked for irrelevant documents such as balance sheets, payroll records, undefined "statistical data" and documents breaking down Pond House' workforce and applicant pool.

SHIPMAN & GOODWIN® LLP  •  *COUNSELORS AT LAW*
ONE AMERICAN ROW  •  HARTFORD, CONNECTICUT  06103-2819  •  (860) 251-5000  •  FAX (860) 251-5099  •  JURIS NO. 57385

of Patterson's Objections is attached hereto as Exhibit A). Other than vaguely stating that Magistrate Fitzsimmons should have granted his discovery requests, Patterson provides no basis that the Order was issued in error.

Neither the Federal nor Local Rules of Civil Procedure recognize an "Objection" such as that filed by Patterson. However, Pond House is constrained to respond to Patterson's Objection to avoid any perception that it agrees with his position. Patterson's "Objection" seems to be akin to a Motion for Reconsideration. However, as set forth below, Patterson fails to meet the standards to prevail.

## II.  STANDARD

The standard for granting a motion for reconsideration is strict. Schrader v. CSX Transp., 70 F. 3d 255, 257 (2d. Cir. 1995). Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked; matters, in other words, that might reasonably expected to alter the conclusion reached by the court." Schrader, 70 F. 3d at 257. However, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." "[A] motion for reconsideration is not simply a second opportunity for the movant to advance arguments

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

already rejected." Id., citing Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

In general, a court will grant reconsideration only in three limited circumstances: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Winnick v. Alvin and Company, Inc., 1998 U.S. Dist. LEXIS 15958, 2-3 (2d Cir. 1998).

### III.   ARGUMENT

Patterson's "Objection" fails to meet any of the above standards. Instead, he simply lists the discovery documents that he *claims* he should receive. Patterson provides no basis to conclude that Magistrate Fitzsimmons' Order was erroneous in any way. The Court should therefore disregard Patterson's "Objection." To the extent the court considers Patterson's "Objection" as a motion for reconsideration, that motion should be denied.

### IV.   CONCLUSION

For the reasons set forth herein, the Court should disregard Patterson's Objection and deny his request, if any, for reconsideration.

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

DEFENDANT,
FOOD GROUP LLC/POND HOUSE CAFÉ

By: _____
Stephen M. Sedor
Fed. Bar No. ct 21117
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5558
(860) 251-5500
e-mail address: ssedor@goodwin.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Reply to Plaintiff's Objection was mailed, via certified return receipt mail on the 5th day of May, 2004 to the following:

Ronald Patterson
133 Huntington Street #1
Hartford, CT 06105

_____
Stephen M. Sedor

371100 v.01 S1

5

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON | : CIVIL ACTION NO. 3:02 CV 1137(JCH) |
| Plaintiff, | : |
| v. | : |
| THE FOOD GROUP LLC/POND HOUSE CAFÉ | : |
| Defendants. | : April 15, 2004 |

### PLAINTIFF'S OBJECTION TO U. S. MAGISTRATE FITZSIMMONS'S RULING.

Plaintiff, RONALD PATTERSON objects to U.S. Magistrate Fitzsimmons's ruling entered on March 31, 2004, in which plaintiff received on April 14, 2004, pursuant to 28 U.S.C § 636 (b) (1) (A)(A) and 72(a) of Fed R. Civ. P. which is review of a District Judge pursuant to the clearly erroneous statutory standard of review.

Plaintiff appeared pro se alleges termination and violation of the Food Group personnel manual based on race and age discrimination.

The Second Circuit ruled in New York State Energy Research & Development Authority v. Nuclear Fuel Services 97 FRD 709, 36 FR Ser 2d 1528 ( WD NY 1983) Relevance for the purposes of discovery is thus defined in terms if likelihood that useful evidence may uncovered.

Plaintiff objects to the denial of all items included in the original production request, there were items in the original production request not discussed at the hearing that the plaintiff and Mr. Sedor agreed, such as 15,16,17.

Plaintiff objects to the denial of the plaintiff request of date of hire, race and/or age of individuals hired at the Pond House, between May 2001 and October 2001.

1

Plaintiff alleged in his complaint that younger persons replaced him not in his protected class as defined by Tittle VII of the Civil Rights Act. The plaintiff request computerized records or other records of applicants that were hired for employment during that time, which would be relevant and not burdensome. It the defendants can obtain employees who were terminated from 1999 to date they certainly obtain individuals employees date of hire, race and age.

Plaintiff objects to the denials of payroll information, including tip reports, and payments records of Mr. Baird, Ms. Gilchrist and Ms. Moss. The complaint alleges preferential treatment of Caucasian waiters whether male, female, despite their abilities, or training. It could be inferred that base on the Plaintiff race and age was denied opportunity to established seniority and /or years of service. Relevance for purposes of discovery could be sought, Ms. Gilchrest and Ms. Moss were similarly situated employees as the plaintiff, who were treated differently in their condition of employment than the plaintiff on account of their race and/or age. Payroll information can relate to the disparate treatment because that where the evidence of discrimination could be found.

Plaintiff object and seek again to clarify that the Plaintiff was a waiter in the café from hire to termination, so payroll records is relevant to whether the plaintiff's employment at the Pond House was terminated on account of his race and /or age.

Plaintiff request the response to defendant's summary judgement motion be extended.

Wherefore, the plaintiff requests the broader scope of examination permitted under Fed. R Civ. Rule 26(b) and to modify Magistrate Fitizsimmons ruling on the basis the foregoing requests are within the subject-matter of the civil action.

2

PLAINTIFF, RONALD PATTERSON

By: *Ronald Patterson*
Ronald Patterson
133 Huntington Street #1
Hartford, CT. 06015
Tel. (860) 728-5759

## CERTIFICATION

I hereby certify that the foregoing Plaintiff's Objection to Magistrate Fitzisimmons's ruling mailed postage prepaid on this 15st day of April 2004 to the following :

Ms.Linda L. Yoder Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT. 06103-2819

Mr. Steve Sedor Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT. 06103-2819

*Ronald Patterson*
Ronald Patterson

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONALD PATTERSON : CIVIL ACTION NO. 3:02 CV 1137(JCH)
:
Plaintiff, :
v. :
THE FOOD GROUP LLC/POND :
HOUSE CAFÉ :
:
Defendants. : April 21, 2004

### PLAINTIFF'S OBJECTION TO HON. MAG. FITZSIMMONS RULING IN RESPONSE TO DEFENDANT'S RESPONSE TO THE PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS.

Plaintiff, RONALD PATTERSON reiterate his objection to Hon. Mag. Fitzsimmons's ruling dated March 31, 2004 in that THE FOOD GROUP LLC/POND HOUSE CAFÉ'S hereinafter "FOOD GROUP" response to the Plaintiff's Production of Documents pursuant to 28 § 636 (b) (1) (A) ,Fed R. Civ. P. 72 (a).

The Plaintiff filed an objection on or about April 15, 2004. The Food Group submitted their response dated April 16, 2004.

This ruling leaves the plaintiff unprepared for trial and unequal access to the discovery process There should be responsive documents for the requests made, because the information should be readily available Fed. R. Civ. P. 26 (a) (1).

The Plaintiff is requesting date of hire, race, age, sex and date of term, laid off, quit or still employed of individuals between May 2001 and October 2001. The plaintiff claims hiring practices and status of individuals such as Mr. Baird who was employed are at issue in this case. The plaintiff is not requesting applicants that have been considered

1

for employment, only those who were hired. The plaintiff requests the names of these individuals be included.

The plaintiff's position is still the same as to the payroll including tips report and payment records of Mr. Baird, Ms. Gilchrist, Ms. Kate Moss, and plaintiff. The plaintiff was hired and worked as a waiter in the café. See (letter from Café Manager Mr. Paul Deveau exhibit A also used as an exhibit D in defendant's motion for summary judgement).

Ms. Yoder Esq. attorney for the defendants clearly stated at the plaintiff's deposition" but what you can ask in discovery is a lot broader than what you can ask at trial. Further state " what I can ask is anything that I believe might lead me to find helpful evidence." Again, it is clearly a common practice in the district courts dealing with civil actions that request for production is a broad discovery. Therefore, the defendants should fully comply with the discovery requests. Sanctions are proper for a continuing failure to fully comply within a certain amount of days pursuant to Fed. Civil Rules and order defendants to comply with the requests.

PLAINTIFF, RONALD PATTERSON

By: /s/ Ronald Patterson
Ronald Patterson
133 Huntington Street #1
Hartford, CT. 06015
Tel. (860) 728-57591

2

call Thursday he argued with me and said she had not. I told him I would not schedule another person while I was training two new persons. He started complaining that I didn't want to hire him and that he was more than qualified to do the job. I told him that there were shifts available in the banquet room if he wanted them but the cafe shifts were not available while I was training the new waitstaff. I asked him to call back on Thursday and that I would speak to Kim in the meantime.

I spoke with Kim and mentioned my apprehensions about hiring someone that has had so many communication problems with her already after only two or three shifts in the banquet room. Ron's assertiveness and his claim of waitering skills won out over my concerns about our communication problems.

As far as waiter skills Ron was not up to his claims of being an experienced waiter with skills in serving in similar cafe environments. He started out very enthusiastically, questioning the chef on certain food items, tastes, and ingredients. This was very impressive and many of my fears were temporarily put aside.

After 3 1/2 weeks as a server, Ron was still not familiar with the menu. As a server this is a crucial element to good service. On several occasions the wrong dishes were given to guests because he did not recognize what he was serving. Ron was frequently overwhelmed to the point where his customers service was severely hindered when he was given an equal wait section as some of the other waitstaff. Eventually we began to reduce his section size to fit his abilities better. This was met with very harsh statements of implied racial prejudice and unfare treatment as stated by Ron. When the actual reasons were pointed out they were dismissed as not true and not fare in Ron's opinion.

Sincerely,

*Paul Deveau*

Paul Deveau, Manager