UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3-02-cv-1137 (JCH) |
| THE FOOD GROUP LLC/POND | : | |
| HOUSE CAFÉ | : | MAY 18, 2004 |

**RULING RE: PLAINTIFF'S OBJECTION TO
MAGISTRATE'S RULING [DKT. NO. 57]**

In this employment discrimination case, the plaintiff moved to compel the production of documents in response to a request that encompasses 36 categories of documents relating to various aspects of the defendant's operation of the Pond House Café. This discovery dispute was referred to the Magistrate Judge, and on February 19, 2004, the magistrate judge heard oral argument on this motion.

After the scope of the documents at issue were narrowed by the parties, and some documents were produced for in camera review, the Magistrate Judge issued a Ruling [Dkt. No. 56] granting in part and denying in part the plaintiff's Motion to Compel.

By pleading dated April 15, 2004, the plaintiff has objected to the Magistrate Judge's Ruling. As the plaintiff was advised in the Ruling, it is not a recommended ruling, but rather a discovery ruling and thus is reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules (USMJ).

Having reviewed the two filings made by the plaintiff in objecting to the Ruling, and having reviewed the Motion to Compel and the Magistrate Judge's Ruling, the court concludes that the plaintiff has failed to establish that the Magistrate Judge's Rulings were erroneous, let alone "clearly erroneous."  The court has discretion in determining the scope of discovery and balancing both the burden on the discovered party with the benefit to the discovering party.  The Magistrate Judge properly determined the various items sought by the plaintiff were not discoverable.

The Ruling of the Magistrate Judge [Dkt. No. 56] is affirmed.

In his initial Objection [Dkt. No. 57], the plaintiff asks for further time to respond to the defendant's motion for summary judgment, which was filed on December 15, 2003.  Plaintiff's time to oppose that motion has been extended in light of the pending discovery requests.  The defendant reports that all the discovery ordered by the Magistrate Judge, or agreed to be produced by the defendant, has been produced by April 14, 2004.  Thus, the plaintiff has received all the discovery he will receive in this case.  Accordingly, he is ordered to file an opposition to the defendant's motion for summary judgment on or before June 10, 2004.  Failure to file an opposition will likely result in the granting of the defendant's motion.  The plaintiff is reminded that he is required under Rule 56 in his opposition to come forward with affidavits, depositions, or documentary evidence which would set forth specific facts showing there is a genuine issue for trial.  He may not rest on his mere

allegations. If the plaintiff fails to so respond, summary judgment, if appropriate, shall be entered in favor of the defendant.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of May, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge