UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON | : | CIVIL ACTION NO. 3:02 CV 1137(JCH) |
| Plaintiff, | : | |
| v. | : | |
| THE FOOD GROUP LLC/POND HOUSE CAFÉ | : | |
| Defendants. | : | June 7, 2004 |

## MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGEMENT

The plaintiff, Ronald Patterson ("Plaintiff"), brought the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., Plaintiff alleges that the defendant Food Group LLC./Pond House Café ("Defendants") termination of his employment as a food server was based on the Plaintiff's age, race. Plaintiff seeks reinstatement, back pay, restoration of seniority, attorney's fees, and compensatory and punitive damages. The Plaintiff established that he alleged facts sufficient to make out prima facie case of discrimination base on race and sex. The Plaintiff opposes Defendant's motion for Summary Judgement on the basis (1) The Plaintiff can establish as genuine issue that discrimination was a motivating factor in the decision to terminate his employment. (2) Stated reason for an adverse job action was false.(3) The Plaintiff stated a cause of action for a breach of contract claim. Moreover, (4) This Honorable Court does have subject-matter jurisdiction of the Plaintiff's age discrimination claim.

1

1.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The Plaintiff pro se claimant filed this civil action against Food Group LLC a/b/a Pond House Café on or about July 3, 2002 , seeking reinstatement, back pay, restoration of seniority, attorney's fees, and compensatory and punitive damages. The Plaintiff was terminated from his position as Food Server, alleging that the defendant discriminated against him on the basis of race and age in violation of Title VII and ADEA. Specifically, the Plaintiff claims he was discharged from employment and replaced by someone substantially younger, Caucasian employee See Complaint at ¶ 9 A. See Complaint at ¶ 9 B. Finally, in Paragraph 12 of the Complaint, the Plaintiff claims that the Pond House breach of contract based on the Defendant's alleged violation of the terms of its personnel manual by terminating him for discriminatory reasons. See Complaint at ¶ 12.

On March 10, 2003 this court denied the Defendant's Motion to Dismiss plaintiff's claims under Title VII, the ADEA, and for breach of contract. The defendant moves for summary judgement in its favor of these claims in the Complaint.

The Plaintiff was hired on May 21, 2001, as a Food Server and understood that my employment was contingent on a 60 day probationary period, acknowledge that at any time during the probation period, management may determine that my performance or abilities are not appropriate for this restaurant that my employment can be terminated. (See Exhibit A and B)

The reason given by the Defendants are false. There are genuine issue discrimination was a motivating factor. The age discrimination claim were filed within 300-day federal filing charge period. See 29 U.S.C.A § 626 (d) (1).

## II    LEGAL STANDARD

A motion for summary judgement may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to there is no such issue warrant judgement for the moving party as a matter of law. See Fed. R. Civ. P. 56(c): Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). The burden of showing the absence of any genuine dispute rests on the party seeking summary judgement. See, eg Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1607, 26 Led. 2d 142 (1970). In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgement is sought. See, eg. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 Led. 2d 202 (1986).

Once the plaintiff has adduced facts sufficient to establish a prima facie case, the defendant has the burden of producing "through the introduction of admissible evidence, reasons for its actions which, if believed by trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." See in Grady v. Affiliated Cent., Inc. 130 F3d 553, 559 2nd Cir. (1997)cite as St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507, 113 S S Ct. 2742, 125 L.Ed. 2d 407 (1993) The circuit with our courts have recognize the summary judgement should rarely be granted in employment discrimination actions since those frequently turn on issues of intent. See Kinley v. Ancira (1194 WD NY) 859 F. Supp 652 [summary judgement is generally inappropriate when state of mind is at issue.] Gallo v. Prudential Residential Servs., Ltd. Partnership (1994, Ca2 NY) 22 F3d 1219, 64 BNA FEP Cas 950, 64 CCH EPD¶ 42998

3

[courts should be reluctant to grant summary judgement in cases alleging employment discrimination, when intent of employer is at issue]; Rosen v. Thornburgh (1991, CA2 NY) 928 F2d. 528, 55 BNA FEP Cas 5890, 56 CCH EPD ¶ 40633 (summary judgement is generally inappropriate in Title VII cases where defendant's state of mind and intent are at issue.] In Rosen v. Thornburgh the Second Circuit had recognize that employment discrimination is often accomplished by discreet manipulations and hidden under a veil of self-disclared innocence. An employer who discriminates is unlikely to leave a "smoking gun" such as a notation in an employee's personnel file, attesting to a discriminatory intent. See Hollander v. American Cyanamid Co. 895 F2d. 80, 85 (2d Cir. 1990); Dister v. Contenental Group Inc. 859 F2d 1108, 1112 (2d Cir. 1988) A victim of discriminatory is seldom able to prove his claim by direct evidence and is usually constrained to rely on he cumulative weight of circumstantial evidence. See Ramsur v. Chase Manhattan Bank, 865 F 2d 460, 464-65 (2d Cir. 1989); Hollander 895 F2d. at 85; cf. United States Postal Serv. Bd. of Governors v. Aikens 460 U.S. 711, 716, -17, 103 S S Ct. 1478, 1482-83, 75 Led. 2d 403 (1983). Consequently, in a Title VII action, where a defendant's intent and state of mind are placed in issue, summary judgment is ordinarily inappropriate. See Meri, 759 F2d at 998; Sweat v. Miller Brewing Co., 708 F2d. 655, 657 (11 Cir.1983). These standards apply to this case, summary judgement is not warranted because circumstantial evidence will show age and race was a factor in the decision to terminate the plaintiff's employment.

## **ARGUMENT**

By drawing all reasonable inferences this court can conclude that the defendant's motion for summary judgement should be denied. It could be inferred that race and age were apparent when I were hired, based on the proof of the defendants explanation to terminate is unworthy of credence, A reasonable juror could conclude that the plaintiff was terminated for those reasons. Within this circuit it is proper for the plaintiff to rely on circumstantial evidence. Moreover, it can be inferred that the Plaintiff is entitled to raise a claim of age discrimination. The Court could reasonably infer Plaintiff was hired on May 21, 2001, as a Food Server a la carte, on the condition that my employment was contingent on a 60 day probationary period and during that time management may determine that if my performance or abilities are not appropriate for this restaurant that my employment can be terminated. Inference could reasonably be drawn that it was also condition that I would not be discriminated on any basis that is protected by law. The Plaintiff believe his legal rights were violated on or about July 6, 2001. The reason for termination given by The Pond House was "inadequate performance." The Plaintiff respond to the observations of other Pond House employees who were Caucasians, that were favored despite their abilities or training. Plaintiff was the only African-American employee. The complaint alleges that Arron Baird replaced the Plaintiff on July 1, 2001, it also alleges that I were replaced by college students based on race and age. ADEA's extended 300-day period is also available to an ADEA claimant who does not file a timely state charge. The complaint did alleged age discrimination. The Plaintiff informed Kim Yarum verbally of employee disputes at other places of employment.

5

The moving party in this civil action is not entitled to judgement as matter of law on the basis there is genuine issues of material fact. Similarly, reliance upon conclusory statements or unsupported allegations is not sufficient to defeat a motion for summary judgement. Weinstock v. Columbia Univ., 224 F. 3d 33, 41, (2d Cir. 2000). The Plaintiff can produce circumstantial evidence to show race and age was a factor in a decision to terminate his employment.

When the district court considers whether the evidence can support a verdict of a motion for summary judgement, it must analyze the evidence along with the inferences that may be reasonably drawn from it and decided of it raises a jury question as to whether the plaintiff was the victim of discrimination." See Fisher v. Vassar College, 114 F. 3d at 1347.

In Order for the Plaintiff to establish Prima facie case of discriminatory discharge in violation of Title VII and ADEA a plaintiff must show that (1) he belongs to a protected class and over 40 (2) he was qualified for the job or the job was satisfactory (3) he was discharge or otherwise suffered an adverse employment action; (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Weinstock v. Columbia Univ., Supra (citing McDonnell-Douglas, 411 U.S. at 802). The defendant admits the Fourth element is at issue in their motion for summary judgement;

(1) The Defendant admits that from time to time it employs substantially portion of younger workers 16 and 25 years old as temporary employees. The Plaintiff's was the only African-American of all other Servers was Caucasians. The defendant's timing to hire younger Caucasian waiters were during summer break from college. Usually college

6

ends for the year about end of May to middle of June give or take a student take a couple of weeks off. They are ready to work for the summer end of June beginning of July. The defendants stop the Plaintiff from working on June 28, 2001 and terminated the Plaintiff on July 6, 2001. It could be inferred that they want to hire the college students.

(2) Disciplinary warning notice action taken shows (a) I did not receive it (b) I punch out for break as required (c) It could be inferred that if I did not punch out I still would have got verbally written warned for not punching out and I am off the floor (d) I quickly compiled to the Restaurant Manager's request there is no basis for this warning. It could be inferred from the evidence submitted that based on the Plaintiff's race and age he received increased job scrutiny in violation of Title VII. See Collins v. Mallinckrodt Chemical, Inc., 959 F. Supp. 1123 (1996) such as assignment of distribution of parties, it often did not go in rotation system of waitstaff. (e) There were no progressive disciplinary for satisfactory improvement if I was not performing my job as expected.(f) It could reasonably be drawn that it was a timeline of my employment with the defendant.(G) Pond House reason for termination inadequate performance or as attorney Sedor phase it serious misconduct is unfounded. (h) The Pond House employee's observation of the Plaintiff's performance should have been brought to my attention, so I could be afforded an opportunity to take corrective action.

(3) The defendant admitted that I was qualified for the position of Server that I held. My 34 years experience as a Food Server in the Connecticut Area, as reference by Thirman L. Milner who observe my commitment to customer satisfaction.

(4) It could be inferred that based on my race and age I was not allowed to complete my probationary period, unlike Mr. Arron Baird.

(5) It could be inferred that Attorney Sedor at the hearing did not deny to Mag. Fitzsimmons that Arron Baird had problems with his performance and it was overlooked, he did not receive any progressive disciplinary action, but a Food Server with 34 years of experience could not perform to the manager's expectations.

(6) It could be inferred from the pleadings and evidence submitted that defendant knew based on my age I wanted full-time year around employment as compare to Tracy Gilcrest and Kate Moss. It could be inferred at the beginning of my employment relationship with the defendant only wanted the Plaintiff employed to fill a gap until the college student were available. When the Plaintiff was hired he was informed by Kim Yarum that Pond House have overbooked a Mother's day functions and ask could I work as a Server. She scheduled me to come in to learn the how to use the Aloha computer system. I came in as scheduled she cancel the appointment and had me bus tables that day, while Arron worked as a waiter, she had staff process his checks and I only made $15.00 for an overbooked functions. The Plaintiff did not fall in her trap and quit I keep working until it was management's decision to terminate.

The plaintiff was the only member of his protected class in the position he held. That motivate influence the plaintiff's termination. Also based on the fact that the defendant attempts to cover up their discriminatory conduct by forging disciplinary notices. <u>Reeves v. Sanderson Plumbing Prod.</u> (2000) 147 L. Ed. 2d 105,112. The tier of the facts can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. See e. g. <u>Wright v. West,</u> 505 US 277, 296, 120 1 Ed 2d 225, 112 S Ct. 2482. Moreover, once the employer's justification has been eliminated discrimination may well be the most likely alternative explanation, especially since the

8

employer is in the best position to put forth the actual reason for its decision. CF. <u>Furnco Constr. Corp. v. Waters,</u> 438 US 567, 577, 57 L Ed. 2d 957, 98 S Ct 2943

A fact finder is entitled to consider a party's dishonestly about a material fact as affirmative evidence of guilt. <u>See</u> Reeves supra Evidence § 193 - inference of guilt.

The Plaintiff adduce facts which taken as true could lead a jury to believe that the defendant harbored the requisite intent. <u>Dister v. Continental Group, Inc.</u> supra

The Plaintiff believed that the record contains sufficient evidence to sustain a jury verdict and prays that this court to not to disregard evidence favorable to the Plaintiff. <u>Reeves</u>, supra

In sex discrimination case, the justices unanimously held that direct evidence is not required for a plaintiff to prove discrimination was a motivating factor. The Desert Palace, Inc., Caesars Palace Hotel & Casino v. Costa No. 02-679, Argued April 21, 2003—Decided June 9, 2003, A plaintiff has to establish as a genuine issue that discrimination was motivating factor, It is no longer required to show it was a determining factor.

Based on the Supreme Court's ruling the Plaintiff established as a genuine issue that discrimination was a motivating factor. The Defendants is not entitled to summary judgement as a matter of law.

If Kim Yarum was the same person who hired and terminated the plaintiff, this case should involve an careful examination of all circumstances of the case, that discrimination was not a determining factor. Which based on Desert Palace holdings it is immaterial.

The Plaintiff's also properly establish Pretext on the basis the defendant has not articulated a non-discriminatory reason for the decision to terminate the Plaintiff's employment. Based on the foregoing the Plaintiff can produce admissible evidence from which a jury could conclude that his age or race was the real reason that he was terminated.

This Court has jurisdiction to hear the Plaintiff's Age Discrimination claims. The U S Supreme Court's <u>Mohasco Corpv. Silver</u>, 447 U.S. 807, 100 S Ct. 2486, 65 L Ed. 2d 532 (1980) compels the conclusion that the ADEA's extended 300-day period is also available to ADEA claimant who does not file a timely state charge.

The Plaintiff has properly stated a claim for breach of contract, based on the Food Group's alleged violation of the terms of its personnel manual. Complaint at ¶ 12. Because a "manual that sets forth terms of employment may be considered a binding employment contract," <u>Craine v. Trinity College</u>, 259 Conn. 625, 655 (2002), the court can determine at this stage of the litigation that the Plaintiff can prove by preponderance of the evidence in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)

## III   CONCLUSION

For the foregoing reasons the motion for summary judgement should not be granted.

PLAINTIFF, RONALD PATTERSON

By: *Ronald Patterson*
Ronald Patterson
133 Huntington Street #1
Hartford, CT. 06015
Tel. (860) 728-5759

10

## CERTIFICATION OF SERVICE

This is to certify that on this 8th day of June, 2004 a copy of the following Plaintiff's Memorandum in support of opposition to summary judgement was sent via first-class mail, prepaid, to:

Ms. Linda L. Yoder Esq.
Shipman & Goodwin LLP.
One American Row
Hartford, CT. 06103

Mr. Stephen M. Sedor Esq.
Shipman & Goodwin LLP.
One American Row
Hartford, CT. 06103

*Ronald Patterson*
Ronald Patterson

## CONDITIONS OF EMPLOYMENT

The Pond House is committed to treating all our employees fairly and with respect. All employees will be considered for hiring, training and promotions strictly on the basis of qualifications without regard to race, color creed, sex ancestry or national origin.

As an employee of The Pond House, I agree to faithfully perform my job in a responsible manner. I further agree to read and/or learn all rules and regulations of this restaurant through the material provided and agree to attend any scheduled training sessions or department meetings. I will keep abreast of changes in policies as they are posted on the employee bulletin board.

I understand that my position is an integral part of this restaurant and impacts on the impressions of the diners at The Pond House. I understand that my employment is contingent on a 60 day probationary period. I further acknowledge that at any time during the probation period, management may determine that my performance or abilities are not appropriate for this restaurant and that my employment can be terminated.

I have read or have had read to me the training manual and/or handbook and I understand the content and agree to abide by these and all other rules of this restaurant.

_Ronald Patterson_
Signed

_K. Yarini_
Witnessed

_May 21, 2001_
Date

# TERMINATION REPORT

| EMPLOYEE'S NAME | SOCIAL SECURITY NO. | DATE OF TERMINATION |
|---|---|---|
| Ronald Patterson | | July 6, 2001 |
| **JOB TITLE** Waiter | **DEPARTMENT** | **DATE OF EMPLOYMENT** May 21, 2001 |
| **SUPERVISOR** Kim Yarum | **HOURS WORKED**   **SHIFT** | **SALARY** |

### REASON FOR TERMINATION

**VOLUNTARY**
- __ ANOTHER POSITION
- __ ILLNESS (SELF)
- __ LEAVE THE AREA
- __ MATERNITY
- __ PERSONAL REASONS
- __ SCHOOL
- __ OTHER

**INVOLUNTARY**
- __ ATTENDANCE
- __ INSUBORDINATION
- __ LAY OFF
- __ MISCONDUCT
- __ NOT QUALIFIED
- _X_ OTHER

**LEAVE OF ABSENCE**
- __ MATERNITY
- __ MEDICAL
- __ MILITARY
- __ PERSONAL
- __ OTHER

**REMARKS** During the 60 day probationary period I have determined that Ronald Patterson's performance is not appropriate for this restaurant.

| ATTENDANCE | RECOMMENDATION FOR REEMPLOYMENT | TERMINAL VACATION PAY | |
|---|---|---|---|
| EXCELLENT | YES | | AMOUNT |
| ABOVE AVERAGE | NO | | DAYS |
| AVERAGE | IN DIFFERENT DEPT./POSITION | FROM THRU | FOR PERIOD COVERING |
| BELOW AVERAGE | | | |
| POOR | | | |

SUPERVISOR'S SIGNATURE                                         DATE

Thurs 4  
Fri 5:30  
5:-

Charlie  
Wiesenba  
728-  
5151

AT ELIZABETH PARK

DATE 5-9-01        PHONE NUMBER 728-5759  
NAME RONALD PATTERSON  
ADDRESS 133 Huntington St  
SOCIAL SECURTIY# 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    BIRTHDATE 08-23-56  
POSITION SOUGHT Waiter  
CAN YOU WORK FULL TIME _____

LIST THE PAST THREE RESTAURANTS THAT YOU HAVE WORKED:

1. Stage Grill       5-2000 -            Waiter       728-5151  
   NAME              DATES               POSITION     PHONE #

2. Veranda Resturant  8/96-7/99  Waiter  1-800-PlAY-1316  
   NAME              DATES               POSITION     PHONE #

3. Apricots Resturant 12/99 - 3/2000 Waiter  
   NAME              DATES               POSITION     PHONE #

WHICH RESTAURANTS HAVE YOU LEFT BY CHOICE AND WHY?  
none

WHICH RESTAURANTS HAVE LET YOU GO, WHY AND WHAT DID YOU LEARN FROM THE EXPERIENCE? none

WHAT ARE YOUR FUTURE CULINARY AND/OR RESTAURANT PLANS?  
Hotel Supervisor in Banquets

WHAT DO YOU MOST ENJOY ABOUT WORKING IN A RESTAURANT?  
People, serving food

WHAT DO YOU LEAST ENJOY? nothing

LIST THREE OF YOUR STRENGTHS Organization, People person  
Skills

LIST THREE OF YOUR WEAKNESSES none

PLEASE LIST ANY CULINARY SCHOOLS OR PROGRAMS YOU HAVE ATTENDED  
T:WFH  Sunday Brunch

# DISCIPLINARY WARNING NOTICE AND ACTION TAKEN

| EMPLOYEE'S NAME | SOCIAL SECURITY NO. | DATE OF WARNING |
|---|---|---|
| Ron Patterson | | 6/12/01 |
| JOB TITLE | DEPARTMENT | |
| Server | Café Server | |

**RULES(S) VIOLATED:** Left Café before shift and sidework were over. Server was clocked out on 6/6/01

**DETAILS OF ABOVE:** Server was told he was to close that evening. Server handed in cashout - and left. He was found outside waiting for a ride. He did come back - clock in and finish the closing. Initially - tables were left dirty - candles were burning, kitchen side-work was not done - including silverware & cutlery, creamers, cleanup, dining room was not broken down, cleaned nor vacuumed

**IMMEDIATE SATISFACTORY IMPROVEMENT MUST BE SHOWN OR FURTHER DISCIPLINARY ACTION WILL BE TAKEN, INCLUDING POSSIBLE SUSPENSION FROM DUTY OR DISCHARGE.**

**ACTION TAKEN**
- [X] WARNED: Verbally
- [ ] SUSPENDED
- [ ] DISCHARGED

| DATE OF LAST WARNING | SUSPENDED DAYS | FROM | THRU | DISCHARGED-EFFECTIVE DATE |
|---|---|---|---|---|
| | | | | |

**I HAVE READ AND UNDERSTAND THE ABOVE**

EMPLOYEE'S SIGNATURE: _____ DATE: _____

SUPERVISOR'S SIGNATURE: Paul Neveau  DATE: 6/12/01

WITNESS: _____ DATE: _____

# DISCIPLINARY WARNING NOTICE AND ACTION TAKEN

| EMPLOYEE'S NAME Ronald Patterson | SOCIAL SECURITY NO. | DATE OF WARNING 6.20.01 |
|---|---|---|
| JOB TITLE Wait Staff | DEPARTMENT | |

**RULES(S) VIOLATED**

Improper recording of hours

**DETAILS OF ABOVE**

Ron was punching in and out on Banquet hours when he was waitering.

Ron said the computor did it.

**IMMEDIATE SATISFACTORY IMPROVEMENT MUST BE SHOWN OR FURTHER DISCIPLINARY ACTION WILL BE TAKEN, INCLUDING POSSIBLE SUSPENSION FROM DUTY OR DISCHARGE.**

**ACTION TAKEN**
- [x] WARNED
- [ ] SUSPENDED
- [ ] DISCHARGED

| DATE OF LAST WARNING | SUSPENDED DAYS | FROM | THRU | DISCHARGED-EFFECTIVE DATE |
|---|---|---|---|---|
| | | | | |

**I HAVE READ AND UNDERSTAND THE ABOVE**

EMPLOYEE'S SIGNATURE  
SUPERVISOR'S SIGNATURE Kimi Yam  
WITNESS

DATE 6.20.01  
DATE  
DATE