UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON | : | CIVIL ACTION NO. 3:02 CV 1137(JCH) |
| Plaintiff, | : | |
| v. | : | |
| THE FOOD GROUP LLC/POND HOUSE CAFÉ | : | |
| Defendant. | : | June 7, 2004 |

## PLAINTIFF RONALD PATTERSON'S LOCAL RULE 56(A)(2) STATEMENT.

1. Mr. Patterson was on May 21, 2001 by Kim Yarum as a probationary employee and signed an acknowledgement that the management could terminate his employment at any time with or without cause during the probationary period.

   **Response: deny**

2. Kim Yarum, the General Manager, exercised the Pond House's right to terminate Mr. Patterson at will on July 6, 2001 within the 60 day probationary period.

   **Response: deny**

3. The reasons given by Kim Yarum, inadequate performance, were supported by the observations of other Pond House employees.

   **Response: deny**

4. The employee that Mr. Patterson claimed "replaced him " in his position was already employed by the Pond House when Mr. Patterson was hired.

   **Response: deny**

5. Mr. Patterson filed an administrative complaint with Connecticut Commission on Human Rights and Opportunities alleging race discrimination.

1

**Response: admit**

6. The administrative complaint did not allege age discrimination.

**Response: admit**

7. Mr. Patterson has been terminated from prior positions, a fact not revealed on his application to the Pond House.Response:

**deny**

8. Mr. Patterson has sued prior employers claiming discrimination.

**Response: admit**

**PLAINTIFF'S LIST OF ISSUES OF MATERIAL FACT**

1. Plaintiff's experience as a food Server.

2. Plaintiff can prove defendants violated Title VII and ADEA in accordance with indirect method of proof established in McDonnell Douglas Corp. v. Green 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed. 2d 668 (1973) The plaintiff made out a prima facie case, a presumption of discrimination is created. Defendant's non-discriminatory reason of poor performance is pretextual. Base on the plaintiff experience and the job level it create a genuine issue plaintiff was performing up to the defendant's legitimate expectations. It 's reasonably infer that the defendant employs substantially portion of younger workers 16 and 25 years old unlike the plaintiff of caucasian decent in their workforce. The defendant favored younger caucasion waiters, whether male or female, despite their abilities or training. There were a pattern of disparate treatment to the plaintiff base on the fact Arron Bard had unsatisfactory performance during plaintiff's employment with the defendant it was overlooked.

3. Mr. Louis Lesta and Ms. Yarum made the decision to take me off the schedule permanently.

4. The filing of an untimely age discrimination charge at the state level does not preclude the availability of the Age discrimination in Employment Act 300-day federal charge filing period.

5. The plaintiff can prove based on circumstantial evidence facts to support of his claim which would entitle him to relief.

PLAINTIFF, RONALD PATTERSON

By: *Ronald Patterson*
Ronald Patterson
133 Huntington Street #1
Hartford, CT. 06015
Tel. (860) 728-5759

### CERTIFICATION OF SERVICE

This is to certify that on this 7th day of June, 2004 a copy of the following Plaintiff's Local Rule 56 (a) (2) statement was sent via first-class mail, prepaid, to:

| | |
|---|---|
| Ms. Linda L. Yoder Esq. | Stephen Sedor Esq. |
| Shipman & Goodwin LLP. | Shipman & Goodwin LLP. |
| One American Row | One American Row |
| Hartford, CT. 06103 | Hartford, CT. 06103 |

*Ronald Patterson*
Ronald Patterson