UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| V. : | 3-02-cv-1137 (JCH) |
| : | |
| THE FOOD GROUP LLC/POND : | JUNE 25, 2004 |
| HOUSE CAFÉ : | |
|     Defendant : | |

**NOTICE TO PRO SE LITIGANT**

On December 15, 2003, defendant filed a Motion for Summary Judgment (Dkt. No. 46). In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

The court hereby gives notice to the pro se plaintiff that the plaintiff must demonstrate to the court that material issues of fact exist such that granting summary judgment would not be appropriate. The plaintiff may not rely on conclusory allegations, from either his complaint or his motions. He must present evidence to the

court in the form of affidavits, deposition testimony, or records that substantiate his claim against the defendant.

The court notes that plaintiff has already filed pleadings in opposition to defendant's Motion for Summary Judgment. However, the court issues this Notice to apprise plaintiff of his obligation to come forward with evidence which would support his claim.

Any further filings by the plaintiff must be made by **JULY 16, 2004**. The court reminds the plaintiff that any filing with the court must be served, by mail, at the same time upon defendant's counsel. If the plaintiff does not come forward with evidence, the defendant's motion will likely be granted, and the claims the defendant seeks to have dismissed will likely be dismissed. See Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of June, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge