UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON | : | CIVIL ACTION NO: |
| | : | 3:02 CV 1137 (JCH) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| THE FOOD GROUP LLC/POND | : | |
| HOUSE CAFÉ | : | |
| Defendant. | : | JUNE 25, 2004 |

## DEFENDANT'S REPLY BRIEF

**I.      INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Ronald Patterson ("Patterson") was a probationary employee of

Defendant Food Group, LLC, d/b/a the Pond House Café ("Pond House"). He was hired by

Kim Yarum ("Ms. Yarum") as a probationary employee on May 21, 2001 and terminated by

Ms. Yarum less than two months later for performance reasons. In this lawsuit, Patterson

claims that he was terminated because of his race and age. This is one of three lawsuits that

he has filed against his former employers.

Pond House moved for summary judgment on December 15, 2003. Patterson served

his Memorandum of Law and Rule 56 Statements Opposing Summary Judgment (Patterson's

"Opposition") on June 8, 2004. Patterson's Rule 56 Statement, however, fails to cite to any

admissible evidence. The entire Opposition, in fact, contains nothing more than Patterson's

own speculation that he was terminated for discriminatory reasons. It contains no evidence

that should defeat summary judgment. Accordingly, the allegations in Defendant's Rule 56

Statement should be deemed admitted and the court should grant the motion for summary

judgment.

## II.    ARGUMENT

**A.    Patterson's Rule 56 Statements should be disregarded because he fails to cite to any admissible evidence.**

Pursuant to Local Rule 56(a)(3):

Each statement of material fact by a movant in a Local Rule 56(a)(1) Statement or by an opponent in a Local Rule 56(a)(2) Statement, and each denial in an opponent's Local Rule 56(a)(2) Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.

The purpose of Rule 56 is to aid the court, by directing it to the material facts that the

movant claims are undisputed and that the party opposing the motion claims are disputed.

Coger v. State of Connecticut Department of Administrative Services, et al., 309 F. Supp. 2d

274, 277-278 (D. Conn. 2004)(EBB). "Without such statement, the court is left to dig

through a voluminous record, searching for material issues of fact without the aid of the

parties." Coger, supra at 274.

A plaintiff who simply writes a blanket statement denying a defendant's Rule 56(a)(1)

Statement fails to comply with Rule 56. Coger at 274. In Coger, as a result of the plaintiff's

2

failure to comply with Rule 56, the court ruled that "all facts set forth in the defendants'
complying Statement will be deemed admitted..." Id. (See also Booze v. Shawmut Bank, 62
F. Supp. 2d 593, 595 (D. Conn. 1999)(WWE) (Because plaintiff failed to file a Statement in
compliance with then Rule 9(c), all facts in the defendants' statement were deemed admitted).

Patterson's Rule 56(a)(2) Statement is plainly inadequate. Although he denies most of
Pond House' allegations, he cites to no admissible evidence to support his denials. Thus, he
has produced no evidence to refute Pond House' basis for summary judgment. Patterson
cannot rest his case on blanket and unsupported denials. Coger, supra at 274. While
Patterson's failure to comply with Rule 56 is grounds for granting Pond House' motion, the
court should, at the very least, deem Pond House' Rule 56(a)(1) statements admitted. Id.

**B.**     **Patterson cannot defeat summary judgment with unsupported speculation.**

Pursuant to Fed. R. Civ. P. 56(e), "[W]hen a Motion for Summary Judgment is
properly made ... an adverse party may not rest upon the mere allegations or denials of the
adverse party's pleading, but the adverse party's response, by affidavits or as otherwise
provided for under this rule, must set forth specific facts showing that there is a genuine issue
for trial."

As the Second Circuit has repeatedly recognized, under Fed. R. Civ. P. 56(e), "only
admissible evidence may be used to resist a motion for summary judgment...." Rohman v.
New York City Transit Authority, 215 F.3d 208, 218 n.6 (2nd Cir. 2000); see also Kader v.

3

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Paper Software, Inc., 111 F.3d 337, 342-343 (2nd Cir. 1997) (non-moving party must come forward with admissible evidence demonstrating genuine issue of material fact in order to overcome summary judgment).  Equally true is that plaintiffs may not rely "on speculation or conjecture as to the true nature of the facts to overcome summary judgment." Sorrentino v. Textron Lycoming, 1995 US Dist LEXIS 21754, *12 (D. Conn. 1995)(AVC).

Patterson's Opposition contains no more than unsupported speculation that he was terminated because of his race and/or age.  For example, Patterson baldly states that Pond House' stated reasons for terminating him were false.  (Opposition Brief, p. 2, 5).  However, he cites to no evidence to support this claim.  He instead makes the sweeping generalization that "[I]t *could* be inferred that race and age were apparent when I were hired, based on the proof of the defendants explanation to terminate is unworthy of credence." Id.  Similarly, Patterson states that he "*believes* his legal rights were violated." Id. at p. 5.  This is not evidence.[1]

Revealingly, Patterson makes no attempt to explain why the same person who hired him, well aware of his race and age, would terminate him less than 60 days later, *because of his race and age*.  Indeed, the "same actor inference" that has been articulated by the Second

---

[1] Patterson also claims asserts that "[I]t could be inferred that Attorney Sedor at the hearing did not deny to Magistrate Fitzsimmons that Arron Baird had problems with his performance and it was overlooked." (Opposition brief, p. 8). Presumably, Patterson is referring to the oral argument regarding Patterson's Motion to Compel. However, at no time did Attorney Sedor state that other employees' performance problems were "overlooked".

4

Circuit Court of Appeals swiftly dooms Patterson's case.  As the Court held in <u>Grady v.</u> <u>Affiliated Central, Inc.</u>, 130 F.3d 553, 560 (2d Cir. 1997), "[W]hen the same person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute an invidious motivation that would be inconsistent with the hiring decision.  This is especially so when the firing has occurred only a short time after the hiring."  <u>See also Lowe</u> <u>v. J.B. Hunt Transport, Inc.</u>, 963 F.2d 173, 174 (8th Cir. 1992) ("It is simply incredible, in light of the weakness of plaintiff's evidence otherwise, that the company officials who hired him at age 51 had suddenly developed an aversion to older people less than two years later."); and <u>Proud v. Stone</u>, 945 F.2d 796, 799 (4th Cir. 1991) (Termination less than six months after hiring makes any discriminatory inference unwarranted).  Patterson provides no explanation, except to say "[I]f Kim Yarum was the same person who hired and terminated the plaintiff, this case should involve a careful examination of all circumstances of the case." Again, like the rest of Patterson's Opposition, this is not evidence.

The court would search in vain to find any evidence to support Patterson's claim that Ms. Yarum hired and then fired him for discriminatory reasons.  There is certainly no evidence to refute the legitimate and non-discriminatory reasons that Pond House has proffered for his discharge.  For these reasons, the Court should grant the motion for summary judgment.

5

## III.    CONCLUSION

For the reasons set forth above, Pond House requests that its motion for

summary judgment be granted in its entirety.

DEFENDANT,
FOOD GROUP LLC/POND HOUSE CAFÉ

By: _Stephen M. Sedor_
Stephen M. Sedor
Fed. Bar No. ct 21117
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5558
(860) 251-5500
e-mail address:  ssedor@goodwin.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Reply to Plaintiff's Objection was mailed, via certified return receipt mail on the 25th day of June, 2004 to the following:

Ronald Patterson
133 Huntington Street #1
Hartford, CT  06105

_Stephen M. Sedor_
Stephen M. Sedor

375074

6