UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON | : | CIVIL ACTION NO. 3:02 CV 1137(JCH) |
| Plaintiff, | : | |
| v. | : | |
| THE FOOD GROUP LLC/POND HOUSE CAFÉ | : | |
| Defendants. | : | July 8, 2004 |

### PLAINTIFF'S RULE 56(F) MOTION FOR A CONTINUANCE TO CONDUCT DISCOVERY TO JUSTIFY HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT AND BRIEF IN SUPPORT.

Plaintiff, RONALD PATTERSON in the above-captioned action, files this Rule 56(f) Motion for a Continuance to Conduct Discovery to Justify His Opposition to Defendant's Motion for Summary Judgement and Brief in Support, and shows the Court as follows:

**1.    FACTUAL AND PROCEDURAL BACKGROUND**

The defendant FOOD GROUP LLC./ POND HOUSE CAFÉ hired the plaintiff Ronald Patterson on May 21, 2001, as a Food Server in the café. The defendant terminated the plaintiff's employment on or about July 6, 2001.

Plaintiff filed suit in this case alleging that defendant engaged in race and age discrimination during and resulting in termination on May 21, 2002. Defendant's overall alleged legitimate non-discriminatory reason is that it terminated plaintiff's employment

**Oral Argument is not requested**

1

pursuant to inappropriate performance which is supported by observations of Pond House employees.

The discovery the plaintiff's seeks is as follows;

(A) All identifiable information contained in the personnel files of all employees as defined by CT. Gen. Stat. § 31-128a (1) (4) (5) & CT. Gen. Stat. § 31-128 f (2) who performed the plaintiff job duties as a waiter in the café and as a waiter in the banquet area of the defendant, between May 2001 and October 2001. In addition to this production of documents it is requested that these employees be list by name, race, age, date of hire, status of employment.

(B) All identifiable information contained in the personnel files of all employees as defined by CT. Gen. Stat. § 31-128a (1) (4) (5) & CT. Gen. Stat. § 31-128 f (2) who performed the plaintiff job duties as a waiter in the café and as a waiter in the banquet area of the defendant during the plaintiff's employment. between May 21, 2001 and July 31,2001. In addition to this production of documents it is requested that these employees be list by name, race, age, date of hire, status of employment.

( C) Plaintiff request information regarding to list positions held by Ms. Tracy Gilchrist which includes training and probationary period.

(D) Plaintiff request information regarding to list positions held by Ms. Kate Moss which includes training and probationary period.

(E) Plaintiff request information regarding positions held by Mr. Arron Baird which includes training and probationary period payroll information including tip reports and payroll reports between May 2001 and July 2001.

2

(F) How many employees that held the position of waiter in the café and banquet during the plaintiff's employment were caucasian between May 2001 and July 2001.

(G) How many employees that held the position of waiter in the café and banquet during the plaintiff's employment were African American between May 2001 and July 2001.

(H) Provide work schedules/ spread sheets that indicate staffing from the café between May 2001 and July 2001.

On December 13, 2003 Defendant filed its Motion for Summary Judgement; and that Motion is currently pending before this Court. Because Plaintiff has been unable to obtain the discovery he seeks through his Production of Documents and because Plaintiff has been unable to digest documents from production needed in this case, he is currently does not have the evidence he requires to respond to the Defendant's Motion. These request for production are in the defendant's possession, not unreasonable date range for these requests, justify the plaintiff's opposition to summary judgment, diligently had requests the defendant to retrieved archived files for this information. It is not burdensome because these type of records they should keep in regular course of business.

Therefore, Plaintiff now moves the Court for an extension of time within to respond to defendant's Motion Summary Judgement pursuant to Federal Rules of Civil Procedure 56(f) so he might obtain the crucial evidence.

## II. RULE 56(f) STANDARD

Federal Rule of Civil Procedure 56(f) provides:

(f) **When Affidavits are Unavailable.** Should it appear from affidavits of a party opposing the motion that the party cannot for reasons presented by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgement or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just.

The Fifth Circuit has long held that Fed.R. Civ. P. 56(f) motions requesting a continuance to conduct further discovery in order to fully and adequately respond to a summary judgement motion are committed to the sound discretion of the district court. See Wichita Falls Office Assocs. V. Banc One Corp. 978 F. 2d. 915, 919 (5th Cir.,) citing International Shortstop, Inc. v. Rally's Inc. 939 F.2d 1257, 1267 (5th Cir. 1991)cert. denied 513 U.S. 926, 115 S. Ct. 312, 130 L.E.2d 275 (1994). The district should be especially generous in granting continuances to conduct more discovery aimed at uncovering evidence of the moving party's state of mind. *International Shortshop*, 939 F.2d. at 1267. Furthermore, where the party opposing summary judgement informs the district court that its efforts to obtain evidence from the moving party have been unsuccessful, a continuance should be granted " as a matter of course."*Id.*

The Fifth Circuit requires that a party seeking a Fed. R. Civ. P. 56(f) continuance satisfy three requirements. The party seeking such a continuance must (1) request the continuance prior to the district court's ruling on the motion for summary judgement; (2) put the district court on notice that the party is seeking further discovery pertaining to a pending motion for summary judgement; and (3) demonstrate to the district court

4

specifically how the requested discovery pertains to the pending motions. *Wichita Falls*, 978 F.2d at 919.

### III. PLAINTIFF IS ENTITLED TO A CONTINUANCE UNDER RULE 56(f)

Plaintiff has satisfied all the requirements of a Rule 56(f) motion for continuance. First, Plaintiff is filing this motion on the day his response is currently due, and therefore, prior to the Court's ruling on Defendants' Motion for Summary Judgement. Second, Plaintiff has put the Court on notice that he is seeking further discovery pertaining to Defendants' Motion for Summary Judgement. Third, the Affidavit of Ronald Patterson, attacked hereto as Exhibit "A," Plaintiff pro se, demonstrates to the Court specifically how the evidence for which Plaintiff is seeking a continuance to discover pertains to Defendants' pending Motion for Summary Judgement. Furthermore, Plaintiff has been diligently pursuing discovery thus far in this case, but been unable to obtain Production of Documents. Because Plaintiff's expects to this evidence to help him discern defendants state of mind, the Court should grant Plaintiffs' continuance "as a matter of course under *International Shortshop*, 939 F.2d at 1267.

Plaintiff requests a continuance to file his response to Defendant's Motion for Summary Judgement up to and including August 12, 2004, granting the Plaintiff's Motion for Continuance to Rule 56(f) will not prejudice or create an undue hardship for Defendant.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Continuance pursuant to Rule 56(f) of the Federal of Civil Procedure.

Respectfully submitted,

PLAINTIFF, RONALD PATTERSON

By: _____
Ronald Patterson
133 Huntington Street # 1
Hartford, CT. 06105
Tel; (860) 728-5759