UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON | : CIVIL ACTION NO. 3:02 CV 1137(JCH) |
| Plaintiff, | : |
| v. | : |
| THE FOOD GROUP LLC/POND HOUSE CAFÉ | : |
| Defendants. | : July 8, 2004 |

### AFFIDAVIT

I, Ronald Patterson, first being duly sworn, deposes and say:

1. I am pro se litigant plaintiff in this civil action, I am over the age of eighteen and believe in obligations of an oath.

2. Pursuant to 56(f) of Fed. R. Civ. P. I submit this Affidavit in support of the Plaintiff's Rule 56(f) Motion for A Continuance To Conduct Discovery To Justify His Opposition To Defendants' Motion For Summary Judgement.

3. On September 2, 2003 defendant objected to the plaintiff's first request for production of documents.

4. On September 24, 2003 plaintiff filed an Motion To Compel Plaintiff's first request of Production of documents and things.

5. Defendant filed a Motion for Summary Judgement on December 13, 2003.

6. The plaintiff has timely respond to the defendants' motion for summary judgement.

1

7. And yet, the requirement that the non-moving party respond specifically to a summary judgement motion is qualified by Rule 56(f)'s requirement that "summary judgement be refused where the nonmoving party has not the opportunity to discover information that is essential to his opposition" See Anderson v. Liberty Lobby Inc., 477 U.S.250 n. 5, 248, 106 S.Ct. at 2511 n. 5(1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548,2552, 91 L.Ed.2d 265 (1986).

8. Plaintiff's legitimate need for discovery to be had is as follows;

The discovery requested are reasonably expected to create a genuine issue of material fact, on the basis 9A of the Complaint alleges that the plaintiff was replaced by younger person and the defendants hired college students because they are usually temporary workers. On March 10, 2003, this court found that " A discharge employee can satisfy the fourth requirement, that his termination occurred under circumstances giving rise to an inference of discrimination, merely by showing that he was replaced by an individual who was not a member of his protected class. Also this court stated the fact that he plaintiff was replaced by someone substantially younger gives rise to an inference of discrimination.

On July 18, 2003 the defendant filed an answer to the plaintiff's complaint 9A. "The Defendant admits that from time to time it had college students as temporary employees." Therefore, hiring practices are relevant to the plaintiff's claim and expected to lead to inference of discrimination on the basis of race and age.

The plaintiff pursued through discovery of Productions of Documents and things. He served one sets of said requests for production on July 30, 2003. Plaintiff filed Motion to Compel with this Court. A hearing was held on February 19, 2004. Hon. Mag. Holly

Fitzsimmons presiding. The plaintiff narrow his request to the date of hire, race, age of individuals that were hired by the defendants between May 2001 and October 2001.

Defendants objected on the relevance grounds, asserting that hiring practices are not at issue in this case and burdensomeness grounds. The defendant stated that it does not keep computerized records of all applicants it does consider for employment. A ruling was issued on or about March 5, 2004. This court finds that the information concerning hiring practices of the Pond House are not relevant to plaintiff's claim that he was terminated on the basis of his race and/or age.

The Plaintiff ask this court to modified the previous rulings because this information is relevant asserting that hiring practices is at issue during the time period requested, showing that similarly situated employees one received more favorable treatment and replaced the plaintiff with workers of age under 30 and nonblack. The Pond House should have information of employees who they hired for employment. It would not be burdensome for them to retrieve this data. There is evidence that he was replaced by an individual who was not a member of his protected class and substantially younger. This information is not private, in the case that the defendants always cite in their pleadings Grady v. Affiliated Cent., Inc. 130 F.3d 553,561 (2nd. Cir. 1997) " We see no abuse of discretion here. In discovery Affiliated provided Grady with inter alia the names and address of her fellow trainees to the extent that it had that information.

It has been held that discovery is critical to establishing pretext in age and race discrimination.

The plaintiff seek discovery that he has diligently pursued and essential to justify the plaintiff's opposition to summary judgement.

3

The facts stated herein are true and accurate to the best of my knowledge and belief.

*Ronald Patterson*

Ronald Patterson

Subscribed and sworn to before me this 8th day of July 2003.

*Desiree D. Biggs*

Commissioner of Superior Court/Notary

**DESIREE D. BIGGS**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES MAY 31, 2007

4

## CERTIFICATION OF SERVICE

The foregoing Motion for Continuance pursuant to Fed. R. Civ. P 56 (f) and affivdavit is mailed postage prepaid by U.S. mail on the 8th day of July ,2004 to the following :

Ms. Linda L. Yoder Esq.  
Shipman & Goodwin  LLP  
One Constitution Plaza  
Hartford, CT. 06106-1919  

Mr. Stephen  M. Sedor Esq.  
Shipman & Goodwin LLP  
One Constitution Plaza  
Hartford, CT. 06106-1919  

_____  
Ronald Patterson