UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-02-cv-1137 (JCH) |
| : | |
| THE FOOD GROUP LLC/POND : | JULY 30, 2004 |
| HOUSE CAFÉ : | |

**RULING RE: PLAINTIFF'S RULE 56 (f) MOTION
FOR CONTINUANCE [DKT. NO. 69]**

The plaintiff, Ronald Patterson, has moved this court, pursuant to Fed.R.Civ.P. 56(f) for a continuance to conduct discovery to justify his opposition to defendant's motion for summary judgment and brief in support. The plaintiff's motion is denied. A brief description of the history of the case is necessary to understand the basis for that denial.

This case was filed May 28, 2002. By endorsement Order dated September 19, 2002, the court approved the Rule 26f report wherein the discovery deadline was reset to May 31, 2003, and the dispositive motion deadline set to June 30, 2003. [Dkt. No. 16]. Those deadlines were further extended to a discovery deadline of November 15, 2003, and a dispositive motion deadline of December 15, 2003. [End. Order, Dkt. No. 41].

On September 25, 2003, the plaintiff filed a motion and memorandum in support seeking to compel certain discovery. [Dkt. No. 42], to which the defendant filed an opposition. The motion to compel was referred to the Magistrate Judge on December 4, 2003. [Dkt. No. 45]. While the motion to compel was pending before the Magistrate

Judge, the defendant filed a motion for summary judgment on December 15, 2003 [Dkt. No. 46].  On December 13, 2003, the plaintiff moved for an extension of time to sixty days after discovery is completed for the court to rule on the defendant's motion for summary judgment.  [Dkt. No. 50].  On February 19, 2004, the Magistrate Judge held a hearing on the plaintiff's motion to compel, and then issued a written Order in connection with that hearing and rulings made on the record therein on April 8, 2004.  [Dkt. No. 56].

      The plaintiff filed an objection to that Order [Dkt. No. 57], and the court issued a Ruling, affirming the Order on the Motion to Compel and overruling plaintiff's objections [Dkt. No. 61].  That Ruling was issued on May 18, 2004.  In that Ruling, the court set a deadline for the plaintiff to respond to the Motion for Summary Judgment of June 10, 2004.  In that Ruling, the court also noted that all the discovery ordered by the Magistrate Judge had been produced by April 14, 2004.  Given the plaintiff's earlier motion for sixty days after the completion of discovery to respond to the motion for summary judgment, the court set the date of June 10, 2004 as the deadline for filing an opposition to the defendant's motion.  In addition, the court advised the plaintiff in its Order affirming the Magistrate Judge's Ruling, of the consequences of failing to file a proper opposition to the summary judgment motion.  [Dkt. No. 61, at ¶. 2-3].

      On June 9, 2004, the plaintiff filed an Objection to the Motion for Summary Judgment, a Memorandum in Opposition to it, and a Statement of Material Facts pursuant to Rule 56. [DKT. Nos. 62, 63 and 64].  It should also be noted that, while the

Motion to Compel was pending, the plaintiff had filed a Memorandum of Law in Opposition to the Summary Judgment. [Dkt. No. 53]. After filing the various papers in opposition to the Summary Judgment motion, the plaintiff then filed, on June 21, 2004, a motion for extension of time to June 25, 2004, to file a response to the motion for summary judgment. [Dkt. No. 65]. The court granted that motion [Dkt. No. 66]. In addition, the court issued a further notice to the plaintiff, fully advising him of Rule 56 and the type of opposition that must filed, and giving him until July 16, 2004 to file anything further. [Dkt. No. 67]. On July 9, 2004, the plaintiff filed the subject motion pursuant to Rule 56(f) for an extension of time to file a response to the summary judgment motion on the grounds that further discovery was needed. [Dkt. Nos. 69 and 70].

    A review of plaintiff's motion for extension reveals that the discovery, that the plaintiff insists he requires in order to oppose the summary judgment motion, is discovery that was the subject of the motion to compel and addressed by the Magistrate Judge. There is no suggestion of the need for evidence, the existence of which has only newly been discovered. The plaintiff in this action had had an ample discovery period in which to obtain discovery, and the Magistrate Judge carefully considered and held a hearing on the plaintiff's request for much, if not all, of the discovery which is described in his Rule 56(f) motion.

    It is clear from a review of the plaintiff's motion to compel and its accompanying request for production of documents, and the Magistrate Judge's Ruling that the

documents which the plaintiff claims he needs, in connection with his motion pursuant to Rule 56(f), have been the subject of discovery requests and a motion to compel, and that he has been denied those documents by a Ruling of the court. Given that the discovery period on this case was lengthy, given that the documents he now claims are not newly-discovered or newly-known to him, and given that he has sought them and upon his motion, been denied them, the court denies the plaintiff's Rule 56(f) motion.

The motion for summary judgment has been fully submitted, and the court will consider the motion on the record before it.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 30th day of July, 2004.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge