UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON | : CIVIL ACTION NO: |
| | : 3:02 CV 1137 (JCH) |
| Plaintiff, | : |
| v. | : |
| | : |
| THE FOOD GROUP LLC/POND | : |
| HOUSE CAFÉ | : |
| Defendant. | : JULY 29, 2004 |

**DEFENDANT FOOD GROUP LLC/POND
HOUSE CAFÉ'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A CONTINUANCE TO CONDUCT DISCOVERY**

I. **INTRODUCTION**

Defendant Food Group, LLC, d/b/a/ the Pond House Café ("Pond House") hereby objects to and opposes Plaintiff Ronald Patterson's ("Patterson") motion dated July 8, 2004 for a continuance to conduct discovery before the Court rules on Pond House's pending motion for summary judgment. This is the second time that Patterson has sought this relief and he is revisiting the same issues that this Court has already resolved on two separate occasions. Patterson is now *again* asking this court for a continuance so that he can try to obtain documents including (1) the personnel files of nearly every Pond House employee; (2) payroll records of Pound House's employees; and (3) Pond House's staffing records from May 2001 to July 2001.

Beyond the fact that these requests are overly broad, unduly burdensome and seek irrelevant information, Magistrate Fitzsimmons has twice ruled that Patterson is not entitled to obtain those documents. Patterson was already given a continuance to conduct discovery and the Court found that he is not entitled to the discovery he wants. For some reason, Patterson remains undeterred by the law of the case. The Court should not condone Patterson's delay tactic.

## II. ARGUMENT

Patterson was hired by Kim Yarum ("Ms. Yarum") as a probationary employee on May 21, 2001 and terminated by Ms. Yarum less than two months later for performance reasons. In this lawsuit, Patterson claims that he was terminated because of his race and age. This is one of three lawsuits that Patterson has filed against his former employers.

On December 15, 2003, Pond House moved for summary judgment based on the lack of any evidence that could support Patterson's case. In response, Patterson filed on December 30, 2003 a "Motion to Postpone Consideration of Defendant's Motion for Summary Judgment." In this motion, Patterson asserted that Pond House's outstanding objections to his discovery requests prevented him from responding to Pond House's motion. The Court granted Patterson's motion and Magistrate Fitzsimmons heard oral argument on the discovery objections on February 19, 2004.

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

At oral argument, Patterson requested the same discovery that he now seeks through his current "Motion for Continuance" dated July 8, 2004.[1] Patterson was given every opportunity to argue his position. On April 8, 2004, Magistrate Fitzsimmons denied Patterson's discovery requests, except for that which sought the name, race and age of the employees that Pond House had terminated since 1999. Pond House promptly complied with Magistate Fitzsimmon's Order on April 16, 2004. Magistrate Fitzsimmons then directed Patterson to respond to the summary judgment motion by May 14, 2004.

Before filing a response, Patterson filed on April 21, 2004 an "Objection" to Magistrate Fitzsimmons' Order dated April 16, 2004. Patterson's "Objection" summarily stated, without any legal basis, that Magistrate Fitzsimmons' denial of his discovery requests was in error. Magistrate Fitzsimmons then issued an Order on May 20, 2004 that affirmed the prior ruling. In the May 20, 2004 Order, Magistrate Fitzsimmons further extended the time for Patterson to respond to summary judgment until June 10, 2004.

Finally, on June 7, 2004, Patterson filed an "Opposition to Motion for Summary Judgment". Pond House filed its Reply Brief on June 25, 2004. The matter has been fully briefed and is ready for adjudication.

---

[1] During the oral argument, counsel for Pond House presented the personnel files to the Court for an in camera review. Patterson wanted to see the personnel files to determine whether the other employees who he felt were similarly situated had received discipline. Magistrate Fitzsimmons confirmed after an in camera review that those employees had received no such discipline.

3

On June 15, 2004, the Court issued an Order apprising Patterson of his obligation to come forward with admissible evidence to defeat summary judgment. The Court further gave Patterson an extension of time until July 16, 2004 to provide an additional response to the summary judgment motion. Rather than filing any additional response, Patterson filed the instant motion.

As set forth above, the Court has already found on two occasions that Patterson is not entitled to the discovery that he now seeks. This is the law of the case and Patterson should not be allowed to escape summary judgment by continuously asking for documents that the Court has already stated that he cannot have. As such, Pond House requests the court to deny Patterson's motion and to issue a ruling on summary judgment.

### III.   CONCLUSION

For these reasons, Pond House requests the court to deny Patterson's motion and to grant such other and further relief that the Court deems appropriate.

4

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

DEFENDANT,
FOOD GROUP LLC/POND HOUSE CAFÉ

By: /s/ Stephen M. Sedor
Stephen M. Sedor
Fed. Bar No. ct 21117
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5558
(860) 251-5214
e-mail address: ssedor@goodwin.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Reply to Plaintiff's Objection was mailed, via certified return receipt mail on the 29th day of July, 2004 to the following:

Ronald Patterson
133 Huntington Street #1
Hartford, CT  06105

/s/ Stephen M. Sedor
Stephen M. Sedor

378161