UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3-02-cv-1137 (JCH) |
| THE FOOD GROUP LLC/POND | : | |
| HOUSE CAFÉ | : | SEPTEMBER 24, 2004 |

**RULING RE: DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT [DKT. NO. 46]**

Plaintiff Ronald Patterson ("Patterson") brings this civil action against Food Group, LLL/Pond House Café ("Pond House"), pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-16, *et. seq,* and the Age Discrimination in Employment Act ("ADEA"), 15 U.S.C. § 1674.[1] Patterson, an African-American male over the age of forty, alleges that the Pond House terminated him from his employment as a food server based on his age and race.

On December 15, 2003, Pond House moved for summary judgment [Dkt. No. 46] on all remaining claims in the Complaint.[2] Patterson filed a Memorandum in Opposition to Summary Judgment [Dkt. No. 63] on June 7, 2004, to which Pond House replied on June 25, 2004 [Dkt. No. 68]. For the reasons stated below, the defendant's motion for summary judgment is GRANTED.

---

[1] Patterson's complaint also stated a claim under the Consumer Credit Protection Act, 15 U.S.C. 1674, and alleged a breach of contract claim. On August 26, 2002, the defendant filed a motion to dismiss the Complaint [Dkt. No. 11]. The court granted this motion in part [Dkt. No. 24] with respect to Patterson's claim under the Consumer Credit Protection Act. The court denied the motion to dismiss with respect to all other claims. Patterson's breach of contract claim will be addressed later in the ruling.

[2] The remaining claims in the Complaint include: a Title VII claim, an ADEA claim, and a breach of contract claim.

1

I.  **FACTS**[3]

The Pond House hired Patterson as a food server on May 21, 2001. Kim Yarum ("Yarum"), the General Manager of Pond House, personally interviewed and hired Patterson as a probationary employee. Before beginning his employment, Patterson signed an acknowledgment that his employment was contingent upon a 60 day probationary period. Within that 60 day period, the management reserved the right to determine if Patterson's abilities were appropriate for the Pond House. The signed acknowledgment further explained that the employee may be terminated at any time during the probationary period based on poor performance.

On July 6, 2001, Yarum discharged Patterson of his duties at the Pond House, citing inadequate performance as the reason. Subsequent to his termination, Patterson filed a complaint with the Commission on Human Rights and Opportunities (CHRO) and the Equal Employment Opportunity Commission (EEOC). In his Complaint to both the EEOC and the CHRO, Patterson alleged discrimination on the basis of race.[4] On February 27, 2002, the EEOC issued Patterson a right-to-sue letter. Following Patterson's receipt of this letter, he filed his complaint in federal court.

II. **STANDARD OF REVIEW**

In a motion for summary judgment, the burden is on the moving party to establish that

---

[3] The facts set forth in this section are undisputed or drawn in the light most favorable to the plaintiff. See Schneider v. Feinberg, 345 F.3d 135, 144 (2d Cir. 2003).

[4] "I . . . believe that my *race/color (black)* was in part a factor in this action." Def's Mem., App. Ex. F, Pl.'s CHRO/EEOC Compl. at 1 (emphasis added). Later, he states "the [r]espondent singled me out because of my *race/color (black)* . . . ." Id. ¶ 12 (emphasis added). He also asserts the discriminatory treatment "is based on my *race/color (black)* . . . ." Id. ¶ 14 (emphasis added).

there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Feingold v. New York, 366 F.3d 138, 148 (2d Cir. 2004).  A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Golden Pacific Bancorp. v. F.D.I.C., 375 F.3d 196, 200 (2d Cir. 2004) (quoting Fed. R. Civ. P. 56(c)).  "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Overton v. New York State Div. of Military and Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" Id. (quoting Liberty Lobby, 477 U.S. at 248).

"In deciding the motion, the trial court must first resolve all ambiguities and draw all inferences in favor of the non-moving party, and then determine whether a rational jury could find for that party."  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000); see also Feingold, 366 F.3d at 148; Schneider v. Feinberg, 345 F.3d 135, 144 (2d Cir. 2003).  "If reasonable minds could differ as to the import of the evidence, . . . and [i]f . . . there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment."  R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997) (internal quotation marks omitted) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)).

"At the same time, the non-moving party must offer such proof as would allow a reasonable juror to return a verdict in his favor . . . ."  Graham, 230 F.3d at 38.  A plaintiff may not create a genuine issue of material fact by presenting unsupported statements or "sweeping allegations."  Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 65 (2d Cir. 1997). "The

3

non-moving party may not rely on conclusory allegations or unsubstantiated speculation. Instead, 'the non-movant must produce specific facts indicating' that a genuine factual issue exists. 'If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted.' To defeat a motion, 'there must be evidence on which the jury could reasonably find for the [non-movant].'" Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations omitted); see also Fed. R. Civ. P. 56(e) (a non-moving party "may not rest upon the mere allegations or denials of the [non-moving] party's pleading"); Conroy v. New York State Dep't of Corr. Servs., 333 F.3d 88, 94 (2d Cir. 2003).

Because this is a Title VII action, the analysis is governed by the three-step burden-shifting framework set forth by the Supreme Court in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973); Abdu-Brisson v. Delta Airlines, Inc., 239 F.3d 456, 466 (2d Cir. 2001). In employment discrimination cases, the plaintiff has the initial burden of establishing a prima facie case of discrimination. McDonnell Douglas Corporation, 411 U.S. at 802. In order to satisfy the prima facie burden in the case of discriminatory discharge, the plaintiff must show: 1) he belongs to a protected class; 2) he is qualified for the position in question; 3) he suffered an adverse employment action; and 4) the surrounding circumstances give rise to an inference of discrimination. Abdu-Brisson, 239 F.3d at 466 (citing McDonnel Douglas Corporation, 411 U.S. at 802). The plaintiff's burden of proof for establishing the prima facie case is "de minimis." Zimmermann v. Associates First Capital Corp., 251 F.3d 376, 380-81 (2d. Cir. 2001); Chambers v. TRM Copy Centers Corporation, 43 F.3d 29, 37 (2d. Cir. 1994). Once the plaintiff has presented a prima facie case of discrimination, the burden shifts to the defendant to demonstrate "some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas Corp., 411 U.S. at 802. Finally, after the defendant has articulated a nondiscriminatory reason for discharging the plaintiff, the burden then shifts back to the plaintiff

to prove that the reason is merely a pretext for discrimination.  Id.  The plaintiff must produce sufficient evidence to support the finding that the defendant's legitimate, nondiscriminatory reason was false and that ultimately discrimination was more likely than not the real reason for discharge.  Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (citing Van Sant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996).

### III.  DISCUSSION

#### A.  ADEA Claim

"A plaintiff may bring an employment discrimination action under Title VII or the ADEA only after filing a timely charge with the EEOC . . ."  Holtz v. Rockefeeler & Co., Inc., 258 F.3d 62, 82-83 (2d Cir. 2001); see also 42 U.S.C. 2000e-5(e) (Title VII).  Thus, exhaustion of remedies is a jurisdictional requirement under Title VII, which must be satisfied before any such action can be brought in federal court.  An exception to this rule exists if a claim not included in the EEOC complaint is "reasonably related" to the claims raised with the agency.  Holtz, 258 F.3d at 82-83.  A claim is "'reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'"  Id. (quoting Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993).

Here, Patterson did not file an age discrimination claim with the EEOC.  Patterson's EEOC complaint only alleged racial discrimination and made no mention of any other claims.  See supra, at p.3, n.4.  In addition, Patterson's age discrimination claim does not fit within the court's exception to this jurisdictional rule.  An age discrimination claim is not "reasonably related" to the racial discrimination claim that Patterson initially filed with the EEOC.  See Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460 (6th Cir. 1998); see also Burgess v. New York Stock Exchange, 181 F.Supp.2d 337, 339-40 (S.D.N.Y. 2002); Chojar v. Levitt, 773

F.Supp. 645, 651 (S.D.N.Y. 1991).  The age discrimination claim does not fall within the scope of the EEOC's investigation of racial discrimination against Patterson.  These complaints are distinct in nature, and the age discrimination claim would have required supplemental investigation on the part of the EEOC.  See Davis, 157 F.3d at 464.

Because Patterson failed to exhaust his administrative remedies with regard to the age discrimination claim, the district court does not have jurisdiction over that claim.  Consequently, the defendant's motion for summary judgment on the age discrimination claim is granted.

### B. The McDonnell Douglas Test Applied

The Pond House argues that Patterson cannot satisfy the initial, prima facie burden required under the McDonnell Douglas analysis for Title VII cases.  Although the Pond House concedes for purposes of this Motion that Patterson has satisfied the first three elements of the McDonnell Douglas test, it argues that Patterson cannot establish the fourth element.  The Pond House contends that Patterson has not presented any evidence to suggest that his discharge "occurred under circumstances giving rise to an inference of discrimination."  Id.  In the alternative, Pond House insists that, even if Patterson satisfies the prima facie burden, it can establish a "legitimate, nondiscriminatory reason" for his discharge.  McDonnell Douglas, 411 U.S. at 802.  Upon the burden shifting back to Patterson, Pond House claims that Patterson cannot "produce any admissible evidence from which a jury could conclude that his . . . race was the real reason that he was terminated." (Def's Mem. Supp. Summ. J. at 9).

Patterson fails to satisfy the minimal burden of establishing the prima facie case of discrimination.  Patterson provides no admissible evidence to demonstrate that there is a genuine issue of material fact.[5]  Moreover, he relies solely upon conclusory and

---

[5] The plaintiff was informed that he is "required under Rule 56 in his opposition to come forward with affidavits, depositions, or documentary evidence which would set forth specific

6

unsubstantiated assertions to argue that his termination was based upon his race.

Patterson claims that Caucasian employees were favored despite their inferior abilities or lack of training. (Pl.'s Mem. Opp'n Summ. J. at 5). Patterson further alleges that he was replaced by these Caucasian employees. (Id.). These allegations are merely unsubstantiated speculation. Patterson neither cites to nor provides any evidence to support these claims of racial animus and thus fails to satisfy the minimal prima facie burden.

In the alternative, even if the court accepts Patterson's evidence as sufficient to establish a prima face case of discrimination, the Pond House has proffered a legitimate, nondiscriminatory reason for discharge and Patterson has failed to demonstrate that there is a material issue of fact that the proffered reason is merely pretextual or that discrimination was more likely than not the real reason for discharge. The Pond House asserts that its legitimate, nondiscriminatory reason was that "Patterson's performance was not appropriate for the Pond House." Def's Mem. [Dkt. No. 46-1], App. Ex. C, Termination Notice. In addition, the Pond House presents statements from two of Patterson's co-workers to support this facially neutral reason. See Id., Ex. D, Verified Answer and Ex. of Pond House to CHRO Compl., Statements of Deveau & Gilchrist. The undisputed record also reflects that Patterson received two disciplinary warnings as a result of improper conduct while working at the Pond House. Id., Ex. D, Disciplinary Warnings. Because the Pond House articulated a legitimate, nondiscriminatory reason for Patterson's termination, the burden shifts back to Patterson to prove that the reason is merely pretextual.

---

facts showing there is a genuine issue for trial." [Dkt. No. 57] The court cautioned that he may not rest on mere allegations and that summary judgment, if appropriate, would be entered in favor of the defendant if the plaintiff failed to properly respond.

Patterson has failed to disprove the Pond House's legitimate, nondiscriminatory reason for his termination. The record is bereft of any evidence contradicting the Pond House's assertions other than Patterson's conclusory statement that "[t]he reason given by the Defendant[ ] [is] false." (Pl.'s Mem. Opp'n. Summ. J. At 2).

Patterson must "present evidence sufficient to allow a rational factfinder to infer that the employer was actually motivated in whole or in part by [race] discrimination." Grady v. Affiliated Central, Inc, 130 F.3d 553, 560 (2d Cir. 1997). Patterson has failed to come forward with evidence that would create a material issue of fact concerning this burden. In addition, the Pond House points to the Grady case, 130 F.3d at 560, for the proposition that there is a strong inference against discrimination when the person who makes the decision to hire is also the person who makes the decision to fire, especially when the termination occurred a short time after hiring. In the instant case, Yarum both hired and fired Patterson within the 60 day probationary period. Because the same individual made the decision to hire and fire Patterson and the termination occurred within a relatively short period of his hiring date (less than seven weeks), a strong inference exists in this case that Patterson was not fired because of race discrimination. He has not come forward with evidence to overcome that inference, let alone with evidence that his termination was on account of race.

The court finds that Patterson has failed to demonstrate that a genuine issue of material fact exists as to the fourth element of the prima facie case, or alternatively, that the legitimate business reason offered is pretextual and the motivating reason is discriminatory. Under the circumstances, summary judgment is appropriate.

IV. **BREACH OF CONTRACT CLAIM**

Patterson also alleges a breach of contract claim under state law. Pursuant to 28 U.S.C. 1367(c)(3), "the district courts may decline to exercise supplemental jurisdiction over a

8

claim . . . if the district court has dismissed all claims over which it has original jurisdiction." Patterson filed an action under Title VII, the ADEA, the Consumer Credit Protection Act, and alleged a breach of contract claim.  Because all claims have been dismissed over which this court has original jurisdiction, the court declines to exercise supplemental jurisdiction over the state claim.  Thus, the breach of contract claim is dismissed for lack of subject matter jurisdiction.

**V.      CONCLUSION**

   For the foregoing reason, the Defendant's Motion for Summary Judgment [Dkt. No. 46] is **GRANTED.**  The clerk is directed to close the case.

**SO ORDERED.**

  Dated at Bridgeport, Connecticut this 24th day of September, 2004.


            /s/ Janet C. Hall
            Janet C. Hall
            United States District Judge